**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| NATHANIEL TORRES and RORY MICHIE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM,<br><br>*Defendants*. | Case No.: 1:25-cv-1292<br><br>Removed from Second Judicial District Court, Bernalillo County, New Mexico Case No. D-202-CV-2025-09620 |

## NOTICE OF REMOVAL

Defendants Sweepsteaks Limited, Aubrey Drake Graham, and Adin Ross, by counsel, pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby specially appear for the purpose of removal and, preserving all defenses, including lack of personal jurisdiction and the right to move to compel arbitration, remove this action from the Second Judicial District Court, Bernalillo County, New Mexico. In support of this Notice of Removal, Defendants further allege and state as follows:

## JURISDICTION AND VENUE

1. A defendant has a right to remove where an action brought in state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441; *see also* 9 U.S.C. § 205 (removal permitted in actions involving certain international arbitration agreements).

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because (1) it is purportedly brought on behalf of a putative class consisting of more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012).

3. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Bailey v. Markham*, 611 F. Supp. 3d 1177, 1228 (D.N.M. 2020).

4. Finally, this Court also has original jurisdiction under Chapter 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 201–208, which codifies the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Under section 203, the district court has original jurisdiction over an "action or proceeding falling under the Convention," which is deemed "to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

5. Venue is proper in the District of New Mexico, because the Complaint was filed in the Second Judicial District Court, Bernalillo County, New Mexico. This Court is therefore "the district court of the United States for the district and division embracing the place where [the state court action] is pending." 28 U.S.C. § 1441(a); 9 U.S.C. § 205.

**BACKGROUND**

6. On October 29, 2025, Plaintiffs Nathaniel Torres and Rory Michie commenced a civil action against Defendants Sweepsteaks Limited, Adin Ross, and Aubrey Drake Graham in the Second Judicial District Court, Bernalillo County, New Mexico, entitled *Torres et al. v. Sweepsteaks Limited et al.*, Case No. D-202-CV-2025-09620.

7. Attached hereto as **Exhibit A** are true and correct copies of the Complaint ("Compl."), and all pleadings, orders, and other documents in this action that are currently available through the New Mexico Court Case Lookup system. *See* Local Rule 81.1(a).

8. Plaintiff Nathaniel Torres lives in Los Lunas, New Mexico and is a citizen of New Mexico. (*See* Compl. ¶ 11.)

9. Plaintiff Rory Michie lives in Albuquerque, New Mexico and is a citizen of New Mexico. (*See id.* ¶ 12.)

10. Defendant Sweepsteaks Limited is a Cyprus limited company with its principal place of business in Australia. Sweepsteaks Limited operates an online social gaming platform, Stake.us (the "Platform"). The Platform allows users to play games and win prizes, but users never have to pay to play the Platform's games.

11. Defendant Adin Ross is a natural person and citizen of Florida.

12. Defendant Aubrey Drake Graham is a natural person and a citizen of Texas.

13. Defendants executed an acknowledgment of service, waiving further service of the Summons and Petition and any objections to service on December 16, 2025. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C § 1446(b); *Garcia v. Martinez*, 414 F. Supp. 3d 1348, 1354 (D.N.M. 2019) (time to remove triggered by filing of waiver of service).

14. This Notice of Removal is also timely under 9 U.S.C. § 205, which permits removal "at any time" before trial where the subject matter of the state-court action relates to an arbitration agreement falling under the Convention. *See* 9 U.S.C. § 205.

15. A Notice of Filing of this Notice of Removal will be filed promptly in the Second Judicial District Court and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

16. Plaintiffs' allegations against Defendants in this action arise from Sweepsteaks Limited's publication of the Platform, which Plaintiffs erroneously contend to be an illegal gambling website under New Mexico law. (Compl. § IV, VI.)

17. Plaintiffs assert three causes of action, two against all Defendants and one against Sweepsteaks Limited alone. Under the New Mexico Unfair Practices Act (UPA), NMSA 1978, §§57-12-1 to -26 *et seq.*, Plaintiffs seek monetary and non-monetary relief from all Defendants, including damages, injunctive or other equitable relief, and attorneys' fees, disbursements, and costs. (Compl. ¶ 78.) Plaintiffs also bring a claim for unjust enrichment against all Defendants, seeking the return of money Defendants have allegedly "illegally taken" from Plaintiffs and putative class. (Compl. ¶¶ 81, 84.) Finally, Plaintiffs bring a claim under the New Mexico

gambling loss recovery statute, NMSA 1978, § 44-5-1, seeking recovery from Sweepsteaks Limited of their alleged "gambling losses." (Compl. ¶ 87.)

18. Plaintiffs seek to represent a class broadly defined as: "All persons in New Mexico who gambled and lost money or currency in Stake's online casino."[1] (Compl. ¶ 61.) For the purposes of this Notice of Removal, Defendant refers to the five years preceding the filing of the Complaint as the "Relevant Time Period."

19. Plaintiffs' Prayer for Relief purports to request that the Court: (A) determine that this action may be maintained as a class action pursuant to New Mexico Rule of Civil Procedure 23, with Plaintiffs designated as class representative and Plaintiffs' counsel designated as class counsel; (B) award damages or equitable disgorgement; (C) grant injunctive relief, enjoining Defendants from "engaging in the wrongful and unlawful acts described" in the Complaint; (D) award statutory interest and penalties; (E) award costs and attorneys' fees; and (F) order other relief as the Court may deem just and proper. (Compl. § VII.)

20. If any question arises as to the propriety of removal of this action, Defendants respectfully request an opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

21. Defendants have not filed responsive pleadings in the Second Judicial District Court prior to removing this action to this Court.

22. By removing this action, Defendants do not consent to this Court's exercise of personal jurisdiction over them in this action and reserve the right to move for dismissal on that ground. *See McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. 1978) ("[A] defendant waives nothing by removing the case and may move to dismiss for lack of personal jurisdiction after the removal."). Nor do Defendants waive their right to move to

---

[1] Defendant disputes that any Platform user "gambled" by playing the Platform's free-to-play social games. For the purposes of this Notice of Removal, Defendant interprets the proposed class to encompass all persons in New Mexico whose Platform purchases exceed prize winnings.

compel Plaintiffs to submit their claims to arbitration pursuant to the agreement between each Plaintiff and Sweepsteaks Limited.

**GROUNDS FOR REMOVAL**

23. To remove an action under section 1446(a), a defendant must file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Buscema v. Wal-Mart Stores East LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("The notice of removal 'need not contain evidentiary submissions' to adequately plead the amount in controversy; it need only include a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.').

24. Although Defendants deny any and all liability as to Plaintiff's claims, and deny that this matter should proceed at all, let alone as a class action, removal of this case is proper under 28 U.S.C. § 1332(d), which "allows federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity is met (between at least one defendant and one plaintiff-class member)." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009).

25. As discussed in further detail below, this class action satisfies all requirements for removal under section 1332(d): there is minimal diversity between at least one Plaintiff and at least one Defendant, the proposed class would have more than 100 members, and the amount in controversy exceeds $5 million, exclusive of interests and costs.

26. Jurisdiction also exists under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Bailey*, 611 F. Supp. 3d at 1228.

27. Further, although Defendants deny any and all liability as to Plaintiff's claims, and deny that this matter should proceed in court at all, removal of this case is also proper under 9 U.S.C. §§ 203, 205 and 28 U.S.C. §§ 1441, 1446. Together, these statutes allow for the removal

of any civil action in which the subject matter "relates to an arbitration agreement or award falling under" the Convention. *See* 9 U.S.C. §§ 202–206.

**A. The Class Action Fairness Act**

28. CAFA allows "a class action to be brought in or removed to federal court if the proposed classes include at least 100 persons with claims, the aggregate amount in controversy on all claims exceeds $5 million, at least one proposed plaintiff and one defendant have diverse citizenship." *Speed v. JMA Energy Co.,* LLC, 872 F.3d 1122, 1126 (10th Cir. 2017) (citing 28 U.S.C. § 1332(d)). Because this action, brought under Rule 1-023, NMRA, satisfies each jurisdictional requirement, and Sweepsteaks Limited has timely removed, removal is proper under CAFA. 28 U.S.C. § 1332(d)(1)(B).

***i. The proposed class includes more than 100 members.***

29. Both Plaintiff's allegations in the Petition and the information set forth in the Declaration of Edward Craven, attached hereto as **Exhibit B** ("Craven Decl."), establish that there are more than 100 members within the proposed class.

30. Plaintiff's proposed class definition broadly includes "[a]ll persons in New Mexico who gambled and lost money or currency in Stake's online casino." (Compl. ¶ 61.)

31. As Plaintiffs acknowledge, while they do not know the exact number, "the proposed Class likely includes at least hundreds of members." (*Id.* ¶ 64.)

32. This is consistent with Sweepsteaks Limited's business records. Those records reflect that, during the Relevant Time Period, more than 100 New Mexico Platform users' purchases exceeded prize winnings (Craven Decl. ¶ 9.) Those New Mexico users would therefore be members of the proposed class.

33. Accordingly, Defendants have plausibly alleged that the proposed class would include more than 100 members, satisfying CAFA's threshold requirement for removal.

***ii. The parties are minimally diverse.***

34. The minimal diversity requirement is also satisfied. To satisfy CAFA's minimal diversity requirement, at least one member of a class of plaintiffs and at least one defendant must be citizens of different states. *Speed, LLC*, 872 F.3d at 1126 (citing 28 U.S.C. § 1332(d)); *Buscema*, 485 F. Supp. 3d at 1327.

35. Sweepsteaks Limited is a foreign company incorporated and existing under the laws of Cyprus with its principal place of business in Australia. (Craven Decl. ¶ 5.) It is therefore a citizen of a foreign state for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

36. At the time Plaintiff Torres commenced this action, he was a citizen of New Mexico. (Compl. ¶ 11; *see also* Craven Decl. ¶ 13.)

37. At the time Plaintiff Michie commenced this action, he was a citizen of New Mexico. (*Id.* ¶ 12; *see also* Craven Decl. ¶ 15.)

38. Diversity of citizenship therefore exists between at least one defendant, Sweepsteaks Limited, and at least one member of the proposed class—here, each of the named Plaintiffs. Removal is therefore proper under section 1332(d).

***iii. The aggregate amount in controversy exceeds $5 million.***

39. Finally, the amount-in-controversy requirement is also satisfied. CAFA confers the district court with original jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d). To determine whether CAFA's amount-in-controversy requirement is satisfied, the Court aggregates the claims of all named and unnamed persons who would be members of the proposed class. *See Speed*, 872 F.3d at 1126; *Valdez v. Metropolitan Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1178 (D.N.M. 2012).

40. There is no "presumption against removal" under CAFA. *Speed*, 872 F.3d at 1128. Once a defendant has presented a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 914 (10th

Cir. 2016). Even if it is "highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Id.* at 912 (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).

41. To determine whether CAFA's amount-in-controversy threshold is satisfied, courts aggregate the value of the various forms of relief sought on behalf of the named plaintiff and all putative class members, including actual damages, treble damages, and injunctive relief. *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217–18 (10th Cir. 2003). "A reasonable estimate of attorneys' fees may be included in the amount-in-controversy calculation where their recovery is permitted by statute." *Buscema*, 485 F. Supp. 3d at 1328 (citing *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)).

42. Plaintiffs seek monetary relief in the form of damages, equitable disgorgement, statutory interests and penalties, and statutory attorneys' fees and costs. (Compl. § VII.)

43. The UPA permits a prevailing plaintiff to recover actual damages, treble damages, and attorney's fees and costs. NMSA 1978 § 57-12-10. Actual damages may measured by, among other things, purchase price. *See e.g.*, *Two Old Hippies, LLC v. Catch the Bus, LLC*, 807 F. Supp. 2d 1059, 1072–73 (D.N.M. 2011) (awarding plaintiff compensatory damages made up of purchase price, repair costs, and transport costs). Treble damages are available where the trier of fact finds that the defendant "willfully engaged" in the unfair or deceptive trade practice. NMSA 1978 § 57-12-10(B). Plaintiffs and the Proposed Class seek "all monetary and non-monetary relief allowed by law" under the UPA, "including damages; injunctive or other equitable relief; and attorneys' fees, disbursements, and costs." (Compl. ¶ 78.)

44. Plaintiffs allege that Sweepsteaks Limited engaged in unfair and deceptive conduct because New Mexico consumers "received something different than what they reasonably expected and bargained to receive." (Compl. ¶ 75.)

45. According to Sweepsteaks Limited's business records, during the Relevant Time Period, the Platform's revenue from New Mexico users' purchases considerably exceeded $5

million. (Craven Decl. ¶¶ 10.) That alone is enough to demonstrate that the amount in controversy exceeds $5 million. *See Two Old Hippies*, 807 F. Supp. 2d at 1072–73.

46. Plaintiffs' requests for statutory attorneys' fees further increase the amount in controversy far above the $5 million threshold. "The UPA does not limit [attorneys' fees] in any way." *Atherton v. Gopin*, 2012-NMCA-023, ¶ 5. Even where a plaintiff is entitled only to statutory damages of $100, the allowable attorneys' fees "should reflect the full amount of fees fairly and reasonably incurred by [the plaintiff] in securing an award under the UPA." *Jones v. Gen. Motors Corp.*, 1998-NMCA-020, ¶ 24.

47. The cost to Sweepsteaks Limited of Plaintiffs' requested injunctive relief also establishes that CAFA's amount-in-controversy requirement is satisfied.

48. Where a plaintiff seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Id.* (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The Tenth Circuit applies the "either viewpoint rule," under which courts consider the value to the plaintiff or the cost to the defendant of injunctive relief. *Id.* (citing *Justice v. Atchison, Topeka & Santa Fe Ry. Co*, 927 F.2d 503, 505 (10th Cir. 1991); *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)).

49. Plaintiffs seek an order enjoining Defendants from "engaging in the wrongful and unlawful acts" alleged in the Complaint. (Compl. § VII.C.) Plaintiffs allege that Sweepsteaks Limited's wrongful and unlawful acts consist of offering its entertaining, social gaming Platform in New Mexico, which Plaintiffs erroneously allege is "an unlicensed and illegal online casino." (Compl. ¶ 7.) Taken together, Plaintiffs' allegations and requests for relief support the conclusion that Plaintiffs seek equitable relief that would prohibit Sweepsteaks Limited from offering the Platform to users in New Mexico.

50. Complying with an injunction requiring Sweepsteaks Limited to cease offering its Platform in New Mexico would cause millions of dollars in financial losses. (Craven Decl. ¶¶ 10–11.)

51. Accordingly, while Defendants deny that Plaintiffs or the putative class should be or will be entitled to any recovery or relief whatsoever, if the Court were to award the relief sought by Plaintiffs, the award would far exceed $5 million. CAFA's amount-in-controversy requirement is therefore satisfied.

**B. Diversity Jurisdiction Under Section 1332(a)**

52. The Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a). Jurisdiction under section 1332(a)(1) requires "(i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Bailey*, 611 F. Supp. 3d at 1228. Because complete diversity exists and the amount-in-controversy of each individual Plaintiff's claim exceeds $75,000, removal is proper under 28 U.S.C. §§ 1332(a) and 1441(b).

***i. Complete diversity of citizenship exists.***

53. Complete diversity of citizenship exists because "no party on one side of [the] dispute shares citizenship with any party on the other side of [the] dispute." *Bailey*, 611 F. Supp. 3d at 1228. Plaintiff Torres and Plaintiff Michie are both domiciled in New Mexico and none of the Defendants are domiciled in New Mexico. 28 U.S.C. § 1441(b).

54. While residence alone is "not the equivalent of citizenship," it is "*prima facie* [evidence of] domicile." *ADA Carbon Solutions (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1303 n.3 (10th Cir. 2025).

55. According to the Complaint, both Plaintiffs live in New Mexico. (Compl. ¶¶ 11–12.) This is consistent with Sweepsteaks Limited's user account records, which show that each Plaintiff provided a New Mexico residential address to Sweepsteaks Limited. (Craven Decl. ¶¶ 13, 15.) *See Bailey*, 611 F. Supp. 3d at 1203 ("A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit.").

56. When Plaintiffs commenced this action, Sweepsteaks Limited was and remains a foreign company incorporated and existing under the laws of Cyprus with its principal place of business in Australia. (Craven Decl. ¶¶ 4–6.) It is therefore a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

57. When Plaintiffs commenced this action, Defendant Graham was domiciled in Texas and Defendant Ross was domiciled in Florida. Accordingly, neither Defendant Graham nor Defendant Ross are citizens of New Mexico. *See ADA Carbon Solutions (Red River), LLC*, 146 F.4th at 1303 n.3.

58. Accordingly, because no Plaintiff and no Defendant are citizens of the same state, diversity of citizenship exists for the purposes of section 1332(a). *Bailey*, 611 F. Supp. 3d at 1228–29.

***ii. The amount in controversy exceeds $75,000.***

59. The amount in controversy exceeds, exclusive of interest and costs, the "sum or value of $75,000." 28 U.S.C. § 1332(a).

60. Under section 1332(a), multiple plaintiffs cannot aggregate their claims against a single defendant to satisfy the amount-in-controversy requirement. *Bailey*, 611 F. Supp. 3d at 1203. In other words, the amount-in-controversy requirement is satisfied only where a single plaintiff could recover over $75,000 from a single defendant. *See id.* at 1204.

61. During the Relevant Time Period, Plaintiff Torres and Plaintiff Michie have each made purchases with a value substantially greater than $75,000. (Craven Decl. ¶¶ 14, 16.)

62. Each Plaintiff's individual UPA claim therefore satisfies the amount-in-controversy requirement because the Court could award monetary relief equal to each Plaintiff's purchases, or three times that amount. *See* NMSA 1978, 57-12-10(B); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 807 F. Supp. 2d at 1072–73 (awarding plaintiff compensatory damages including, among other things, of purchase price and repair costs). Whether trebled or not, the damages award would far exceed $75,000.

63. Moreover, Plaintiff Torres' loss recovery claim would satisfy the amount-in-controversy requirement. During this one-year period, Plaintiff Torres' purchases exceeded his prize redemptions by more than $75,000. (Craven Decl. ¶ 14.) The Complaint alleges that this amount should be treated as a recoverable "gambling loss" under the loss recovery statute, NMSA 1978, § 44-5-1. (*See* Compl. ¶¶ 86–87.) *See* NMSA 1978, § 44-5-13 (action brought under loss recovery statute must be commenced within one year of loss). Accordingly, Plaintiff Torres' loss recovery statute claim alone satisfies the amount-in-controversy requirement under section 1332(a).

64. As explained above, Plaintiffs also seek injunctive relief. The Complaint's allegations support the conclusion that Plaintiffs seek equitable relief that would prohibit Sweepsteaks Limited from offering the Platform to users in New Mexico.

65. Complying with such an injunction requiring Sweepsteaks Limited would cause financial losses greater than $75,000. (Craven Decl. ¶ 11.)

66. This conclusion is supported by Sweepsteaks Limited's business records, which reflect that purchases by New Mexico users during the Relevant Time Period far exceed $75,000 and are projected to continue to exceed $75,000 in the future. (Craven Decl. ¶ 10.)

67. Accordingly, Plaintiffs' requests for injunctive relief satisfy the amount-in-controversy requirement under the Tenth Circuit's "either viewpoint rule." *Buscema*, 485 F. Supp. 3d at 1328.

**C. Chapter 2 of the FAA and the Convention**

68. Removal is also proper under Chapter 2 of the FAA and the Convention.

69. All users of Sweepsteaks Limited's Platform must accept the Platform's Terms and Conditions when creating a user account. (Craven Decl. ¶ 12.)

70. When Plaintiff Torres created his user account on October 5, 2024, he accepted the Terms and Conditions, which included an arbitration agreement. (*Id.* ¶¶ 13, 17.)

71. When Plaintiff Michie created his user account on September 5, 2024, he accepted the Terms and Conditions, which included an arbitration agreement. (*Id.* ¶¶ 15, 17.)

72. Most recently, on August 12, 2025, Plaintiff Torres and Plaintiff Michie accepted the current version of Terms and Conditions, which also includes an arbitration agreement. (*Id.* ¶ 17.)

73. The arbitration agreement requires users and Sweepsteaks Limited to submit their disputes to binding, individual arbitration. (Craven Decl., Ex. A.)

74. The arbitration agreement also allows users to opt out by sending written notice to Sweepsteaks Limited within thirty days of account creation. (*Id.* ¶ 19.) Sweepsteaks Limited has no record of receiving an opt-out notice from either Plaintiff, and both Plaintiffs' time to opt out has expired. (*Id.*).

75. Section 203 of the FAA vests federal courts with original jurisdiction over an "action or proceeding falling under the Convention," "regardless of the amount in controversy." 9 U.S.C. 203.

76. Section 205 of the FAA further provides that a defendant may, at any time before trial, remove an action to the district court of the United States "for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. While the removal procedure "otherwise provided by law shall apply," the availability of removal under the section 205 "need not appear on the face of the complaint." *Id.* It instead may be shown in the notice of removal. *See id.*

77. The requirements for removal under section 205 are satisfied because the Convention governs the arbitration agreement between Sweepsteaks Limited and each Plaintiff. The arbitration agreement is part of the Platform's Terms and Conditions. (Craven Decl. ¶¶ 13–14, Ex. A.) It is therefore an agreement in writing which arises out of a commercial legal relationship. *See* 9 U.S.C. § 202 (commercial legal relationships include transactions, contracts, or agreements described in section 2 of the FAA). And, because Sweepsteaks Limited is a Cyprus limited company with its principal place of business in Australia, the arbitration agreement is not entirely between citizens of the United States. *See id.*

78. Finally, because Defendants have removed this action before trial, removal is timely under section 205. *See* 9 U.S.C. § 205.

**CONCLUSION**

79. Based on the foregoing, removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal is also proper under 9 U.S.C. §§ 203, 205.

80. By removing this action to this Court, Defendants reserve, and do not waive, any defenses, objections, or motions available to them under state or federal law, including the right to move to compel arbitration of Plaintiffs' claims and to assert any defense under Federal Rule of Civil Procedure 12(b), including lack of personal jurisdiction.

WHEREFORE, Defendants hereby remove this action from the Second Judicial District Court, Bernalillo County, New Mexico, to the United States District Court for the District of New Mexico. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Date: December 23, 2025

Respectfully Submitted,

**THE SIMONS FIRM LLP**

By: */s/Frieda Scott Simons*
Frieda Scott Simons
P.O. Box 5333
Santa Fe, NM 87502-5333
(505) 988 5600
fsimons@simonsfirm.com

A. Jeff Ifrah* (pro hac vice pending)
D.C. Bar No. 456661
Robert W. Ward
D.C. Bar No. 90033268
IFRAH PLLC
1717 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited and Aubrey Drake Graham*

**NEIMAN MAYS FLOCH & ALMEIDA, PLLC**

By: *<u>/s/Brand S. Floch</u>* <u>(with permission)</u>
Brandon S. Floch
Florida Bar No. 125218
bfloch@nmfalawfirm.com
Christopher D. Joyce
Florida Bar No. 1020006
cjoyce@nmfalawfirm.com
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131
Phone: (305) 434-4943

*Counsel for Defendant Adin Ross*