IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NATHANIEL TORRES and RORY MICHIE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>SWEEPSTEAKS LIMITED, ADIN ROSS, and AUBREY DRAKE GRAHAM<br><br>*Defendants*. | Case No.: 1:25-cv-1292 KG/KK |

**DEFENDANT AUBREY DRAKE GRAHAM'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, NOTICE OF JOINDER IN DEFENDANTS' MOTION TO COMPEL
ARBITRATION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1
BACKGROUND ............................................................................................................... 2
ARGUMENT ..................................................................................................................... 4
A.     The Court lacks general jurisdiction over Mr. Graham. ................................ 4
B.     The Court lacks specific jurisdiction over Mr. Graham. ............................... 5
CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Bustos v. Ryder Truck Rental, Inc.*,
  No. 1:23-cv-00679-DHU-JHR, 2024 WL 2260786 (D.N.M. May 17, 2024) ........................... 6
*Calder v. Jones*,
  465 U.S. 783 (1984) ................................................................................................................ 6
*Dudnikov v. Chakl & Vermilion Fine Arts, Inc.*,
  514 F.3d 1063 (10th Cir. 2008) .............................................................................................. 7
*Hernandez v. Chevron U.S.A., Inc.*,
  347 F. Supp. 3d 921 (D.N.M. 2018) ....................................................................................... 4
*Home–Stake Prod. Co. v. Talon Petroleum, C.A.*,
  907 F.2d 1012 (10th Cir.1990) ............................................................................................... 7
*Melea, Ltd. v. Jawer SA*,
  511 F.3d 1060 (10th Cir. 2007) .............................................................................................. 3
*Newsome v. Gallacher*,
  722 F.3d 1257 (10th Cir. 2013) .............................................................................................. 9
*Old Republic Ins. Co. v. Continental Motors, Inc.*,
  877 F.3d 895 (10th Cir. 2017) ..................................................................................... 4, 5, 6, 9
*Radford v. Stollznow*,
  No. 14-cv-0334 SMV/SCY, 2014 WL 12789007 (D.N.M. Aug. 5, 2014) ............................. 9
*Raffile v. Exec. Aircraft Maintenance*,
  831 F. Supp. 2d 1261 (D.N.M. 2011) ..................................................................................... 7
*Shrader v. Biddinger*,
  633 F.3d 1235 (10th Cir. 2011) ...................................................................................... 5, 7, 8
*Tercero v. Roman Catholic Diocese*,
  132 N.M. 312 (2002) .............................................................................................................. 3
*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................................... 4
*Whiting v. Hogan*,
  855 F. Supp. 2d 1266 (D.N.M. 2012) ..................................................................................... 3

**Statutes**

NMSA § 38-1-16 ............................................................................................................................ 3

**Rules**

Federal Rule of Civil Procedure 12(b)(2) .............................................................................. 1, 3, 9

Defendant Aubrey Drake Graham respectfully requests that the Court dismiss Plaintiffs' claims against him for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiffs make no effort to carry their burden of showing that Mr. Graham took some act to purposefully avail himself of Missouri law or the Missouri market. Because Plaintiffs have not shown, and cannot show, that Mr. Graham purposefully and expressly aimed his conduct toward Missouri, this Court cannot exercise personal jurisdiction over Mr. Graham. This Court should therefore dismiss Plaintiff's claims against Mr. Graham for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

In the alternative, Mr. Graham joins Defendants' Motion to Compel Arbitration and requests that the Court submit the claims against him to arbitration and stay this proceeding.

## PRELIMINARY STATEMENT

Plaintiffs allege a wide-ranging scheme to promote online gambling on Defendant Sweepsteaks Limited's platform, Stake.us ("Stake"), through a global network of influencers, celebrities, and performance artists, including Defendant Aubrey Drake Graham. Plaintiffs' claims will fail. But because they are grounded entirely in Mr. Graham's nationally accessible livestreaming and social media content, the Court lacks jurisdiction over Mr. Graham and must dismiss Plaintiffs' claims against him.

Plaintiffs make no effort to carry their burden of showing that Mr. Graham is subject to personal jurisdiction in New Mexico. To do so, they would have had to allege that Mr. Graham took some act to purposefully avail himself of New Mexico law or the New Mexico market. They have not done so. Instead, all Plaintiffs have alleged is that Mr. Graham promoted Stake through global internet platforms like Kick, Instagram, and X. They do not allege that Mr. Graham's Stake-related content so much as mentioned New Mexico, let alone targeted it. This

1

makes sense—Mr. Graham has never directed his Stake-related content toward New Mexico consumers or the New Mexico market, as opposed to a broad, global audience.

That leaves Plaintiffs with their allegations that Mr. Graham's content has affected (or could affect) New Mexico residents. These allegations fall short too. Tenth Circuit law is clear: Plaintiffs cannot rely solely on the alleged in-state effects of Mr. Graham's conduct to establish jurisdiction. They must also show that Mr. Graham expressly aimed his conduct toward New Mexico. Because Plaintiffs have not made, and could not make, that showing, the Court cannot exercise personal jurisdiction over Mr. Graham.

Accordingly, the Court should dismiss Plaintiffs' claims against Mr. Graham for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## BACKGROUND

Mr. Graham is a recording artist, songwriter, and entertainer. (*See* Declaration of Aubrey Drake Graham ("Graham Decl.") ¶ 3.) Part of his work involves collaborating with brands, creators, and other entertainers on a variety of social media platforms. (*Id.*) Plaintiffs allege that Defendant Sweepsteaks Limited uses Mr. Graham's "celebrity influence" to promote Sweepsteaks Limited's free-to-play social gaming platform, Stake.us. (*Id.*) Outside of the United States, Mr. Graham also promotes Stake.com, a separate platform that is not available to users in New Mexico or anywhere else in the United States. (*See id.* ¶¶ 32, 52.) Mr. Graham features the Stake brand on his globally-accessible social media accounts and gameplay livestreams on streaming platforms like Kick.com. (*Id.* ¶¶ 52-53.)

Plaintiffs assert that Mr. Graham's promotional activity is misleading and "encourage[s] impressionable users to gamble." (Compl. ¶ 51.) For example, they allege that, as part of its marketing scheme, Stake "fronts" Mr. Graham "house money," "so any reported losses are part of a marketing tactic designed to draw attention." (*Id.* ¶ 54.) They also allege that in his

2

promotional role, Mr. Graham "deceptively and fraudulently misrepresent[s]" that Stake.us is a "social casino," (*Id.* ¶ 75), although they do not identify any particular statement on the part of Mr. Graham. Plaintiffs allege that, by doing so, Mr. Graham "influence[s] consumers in New Mexico and elsewhere to gamble with Stake.us." (*Id.* ¶ 9.)

Plaintiffs make much of Mr. Graham's status as a global celebrity. For example, they point to Mr. Graham's widely followed Instagram and X accounts, alleging that displaying the Stake brand on some of the "most followed accounts in the world" "elevates Stake far beyond the typical world wide web platform." (*Id.* ¶ 52.)

They have nothing to say, however, about Mr. Graham's efforts to promote the Stake brand in New Mexico in particular. Plaintiffs do not allege that Mr. Graham's Stake-related content has ever featured, or even mentioned, the state. Nor do they allege that Mr. Graham has ever tailored his Stake-related content to the New Mexico market or New Mexico consumers. Instead, they allege only that Mr. Graham's conduct "influence[s] consumers in New Mexico and elsewhere to gamble" and "threatens the welfare of New Mexico residents." (*Id.* ¶¶ 9, 57.) Elsewhere, they allege that Mr. Graham's content is directed not just toward New Mexico, but other states as well (*Id.* ¶¶ 9, 54.)

This is consistent with both the global reach of social media in general and Mr. Graham's content in particular. Mr. Graham has never directed his Stake-related content at New Mexico consumers or the New Mexico market. (Graham Decl. ¶ 6.) Nor has he otherwise tailored this content to New Mexico consumers or the New Mexico market. (*Id.* ¶¶ 6–7.) Instead, as with his other endeavors, Mr. Graham's Stake.us-related content reaches a broad, national—if not global—audience. (*Id.* ¶ 6.)

3

## ARGUMENT

A court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) when it lacks personal jurisdiction over the defendant. The Court can exercise personal jurisdiction over Mr. Graham only if doing so is consistent with New Mexico's long-arm statute, NMSA § 38-1-16, and the requirements of due process. *See Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1279 (D.N.M. 2012) (citing *Tercero v. Roman Catholic Diocese*, 132 N.M. 312, 316 (2002)). Because the long-arm statute is "coextensive with constitutional limitations that the due-process clause imposes," the Court may exercise jurisdiction if doing so is consistent with due process. *Id.*

The plaintiff bears the burden of establishing personal jurisdiction. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a plaintiff must make a prima facie showing of personal jurisdiction by presenting, by affidavit or other written materials, "facts that if true would support jurisdiction over the defendant." *Id.*

### A. The Court lacks general jurisdiction over Mr. Graham.

Plaintiffs do not appear to allege that Mr. Graham is subject to general jurisdiction in New Mexico, and for good reason. "The test for general personal jurisdiction turns on whether the defendant is 'at home' within the forum state." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 941 (D.N.M. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). For individuals, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* For Mr. Graham, that is Texas. (Compl. ¶ 14; Graham Decl. ¶ 4.) To the extent a court outside of Texas could, in an exceptional case, assert general jurisdiction over Mr. Graham, Plaintiffs fail to allege any contacts with New Mexico that would satisfy the stringent demands of due process. *See Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (allegations of general jurisdiction subject to "more stringent" minimum contacts test).

4

### B. The Court lacks specific jurisdiction over Mr. Graham.

That leaves specific jurisdiction. For a court to exercise specific jurisdiction "consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014). Courts conduct a two-step inquiry in determining whether this substantial connection exists, examining: (a) "whether the plaintiff has shown that the defendant has minimum contacts with the forum state," and, if so, (b) whether the defendant has presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Old Republic Ins. Co.*, 877 F.3d at 904 (quoting *Burger King*, 471 U.S. 462, 476–77 (1985)).

Central to the minimum contacts test is the requirement that the defendant must have "purposefully directed its activities at residents of the forum state." *Old Republic Ins. Co.*, 877 F.3d at 904. Mere "foreseeability" of causing injury in the forum state is not enough. *Id.* Instead, the defendant must have deliberately engaged in significant activities in the state. *Id.* Courts use three frameworks for determining whether a defendant's conduct satisfies the purposeful direction requirement: (1) continuing relationship with forum state residents; (2) deliberate exploitation of the forum state market; and (3) harmful effects in the forum state. *Id.* Where a defendant's contacts with a forum arise out of "non-territorial" activities like "internet posting," courts place emphasis on the defendant "intentionally directing [his] activity or operation *at* the forum state, rather than just having the activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).

Because Plaintiffs cannot show that Mr. Graham intentionally directed his Stake.us-related content toward New Mexico consumers or the New Mexico market, the Court cannot exercise personal jurisdiction over him. Plaintiffs allege that Mr. Graham has the following contacts with New Mexico:

5

- "Stake in particular pays online influencer-Defendants Adin Ross ("Ross") and Aubrey Drake Graham ("Drake") each millions of dollars yearly to engage in 'livestream' online casino gambling with Stake.com — which, as the name implies, does indeed influence consumers in New Mexico and elsewhere to gamble with Stake.us." (Compl. ¶ 9.)

- "[W]hen Ross and Drake purport to gamble online with Stake.com, they often do not do so with their own money despite telling the public in New Mexico and elsewhere the opposite. This fact is not shared with the public in New Mexico by Stake and/or Ross and/or Drake." (*Id.*)

- "Stake's influencer marketing, especially through Drake and Ross, is directed among others at teenagers in New Mexico and in other states." (*Id.* ¶ 54)

- Stake's and Drake's and Ross's conduct here threatens the welfare of New Mexico residents and especially its young people. (*Id.* ¶ 57.)

In short, Plaintiffs allege that Mr. Graham's Stake.us-related content is accessible, and may have effects in, New Mexico and other states.

Given Plaintiffs' allegations, neither the continuing relationship nor the deliberate exploitation framework confer jurisdiction here. Plaintiffs do not, for example, allege that Mr. Graham has ongoing, suit-related relationships of any kind with New Mexico residents. *See Old Republic Ins. Co.*, 877 F.3d at 905 (court may exercise specific jurisdiction where defendant entered contractual relationship that envisions ongoing relationship and wide-reaching contacts in forum). Nor do Plaintiffs meaningfully allege that Mr. Graham had has the kind of high sales volume and large customer base and revenue himself that would establish jurisdiction under the deliberate exploitation framework. *Cf. Bustos v. Ryder Truck Rental, Inc.*, No. 1:23-cv-00679-

DHU-JHR, 2024 WL 2260786, at *9 (D.N.M. May 17, 2024) (jurisdiction existed under deliberate exploitation framework where defendant operated business, maintained New Mexico customer base, generated revenue in New Mexico, and directed advertising at New Mexico).

The only potentially relevant framework, then, is the harmful effects framework. The harmful effects framework is grounded in the Tenth Circuit's narrow reading of the standard set out in the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). To establish jurisdiction under this framework, a plaintiff must demonstrate: "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov v. Chakl & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). It is not enough for a website to be accessible in the forum state; the forum state must be the "focal point" of the defendant's conduct. *Shrader*, 633 F.3d at 1244 (quoting *Dudnikov*, 514 F.3d at 1074 n.9). Accordingly, Plaintiffs' failure to allege, and inability to show, that Mr. Graham expressly aimed his Stake.us-related content at New Mexico is fatal to jurisdiction under this framework too.

The only allegation that even suggests that Mr. Graham expressly aimed his conduct at New Mexico makes this plain. Plaintiffs cannot allege that Mr. Graham himself aimed his Stake-related content at New Mexico specifically. Instead, they allege that *Stake's* influencer marketing is aimed at teenagers "in New Mexico and in other states." (Compl. ¶ 54.) Put differently, Plaintiffs appear to assert that the Court can exercise jurisdiction over Mr. Graham because teenagers in New Mexico are a subset of Stake's alleged target audience, teenagers in the United States.

There are two problems with this theory. First, it relies on an allegation that *Stake*, not Mr. Graham, targets New Mexico. *See Home–Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d

7

1012, 1020 (10th Cir.1990) ("Minimum contacts must be found as to each defendant over whom the court exercises jurisdiction."). Second, Plaintiffs' allegations themselves make clear that New Mexico was not the "focal point" of the relevant conduct. *Raffile v. Exec. Aircraft Maintenance*, 831 F. Supp. 2d 1261, 1270 (D.N.M. 2011) (citing *Dudnikov*, 514 F.3d at 1075 n.9) As Plaintiffs put it, Stake's marketing is "directed among others at teenagers in New Mexico *and elsewhere*." (Compl. ¶ 56.) Far from showing that Mr. Graham made New Mexico the focal point of his content, this suggests that Mr. Graham's content is accessible "in every state regardless of where the [viewer] is physically located." *Shrader*, 633 F.3d 1235, 1240 (10th Cir. 2011) (internal quotation marks omitted).

Even the article Plaintiffs point to in an apparent effort to support this "targeting" allegation refers to Mr. Graham only once, stating that "rapper Drake has become an official partner of Stake, and the site has sponsored a handful of other influencers." [1] And the article focuses on adolescents across the United States—it does not mention New Mexico at all.[2] Like Plaintiffs' own allegations, this too demonstrates only that Mr. Graham's content is available nationwide on platforms like Instagram, X, and Kick. *Shrader*, 633 F.3d at 1241 (defendant not subject to personal jurisdiction merely because website is accessible in forum state).

That is not enough to establish personal jurisdiction. Courts routinely reject the assertion that a defendant's nationally accessible internet content is enough to establish personal jurisdiction. In *Shrader*, for example, the Tenth Circuit noted that the defendant web forum

---

[1] Justin Horowitz, *Influencers and right-wing figures are promoting crypto gambling and sports betting to young viewers online*. Media Matters for America, (May 2, 2023), https://www.mediamatters.org/amazon/influencers-and-right-wing-figures-are-promoting-crypto-gambling-and-sports-betting-young ("*Influencers*").

[2] For example, the article notes: "The legal age to gamble in the United States is 18 or 21 years old depending on the state. This has not stopped influencers and gambling and sports betting companies from promoting their products and games to adolescents." *See Influencers*, https://www.mediamatters.org/amazon/influencers-and-right-wing-figures-are-promoting-crypto-gambling-and-sports-betting-young.

operators could be subject to specific jurisdiction if they had intentionally directed the web forum at the forum state, there, Oklahoma. 633 F.3d at 1242. But because there was no indication that the forum targeted an Oklahoma audience, plaintiff could not establish that the court had specific jurisdiction over the forum's operators. *See id.*

The same is true here. At most, Plaintiffs allege that some unknown number of New Mexico residents have accessed Mr. Graham's globally available social media platforms and viewed Stake.us-related content. Like the plaintiff in *Shrader*, Plaintiffs here have not alleged that Mr. Graham "targeted" a forum-state audience. 633 F.3d at 1242. To the contrary, Plaintiffs' allegations show that Mr. Graham's content is "'centered' in the internet, not particularly New Mexico." *Radford v. Stollznow*, No. 14-cv-0334 SMV/SCY, 2014 WL 12789007, at *9 (D.N.M. Aug. 5, 2014). And because Mr. Graham has never mentioned New Mexico or otherwise tailored his Stake.us-related content to New Mexico, it has "no particular connection to New Mexico" at all. *See id.*

The absence of targeting alone establishes that the Court cannot exercise jurisdiction over Mr. Graham under the harmful effects framework. Also fatal to jurisdiction here is the absence of any suggestion that Mr. Graham knew that the brunt of the injury—to the extent there has been any injury—would be felt in New Mexico. In any event, because Mr. Graham did not produce his Stake.us-related content with the purpose of targeting a New Mexico audience, or even with the understanding that it would target a New Mexico audience (Graham Decl. ¶¶ 6-7), Plaintiffs could not satisfy this requirement. *Cf. Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013) (knowledge requirement satisfied where defendants knew plaintiff business operated in forum state). Accordingly, even if Plaintiffs have alleged that Mr. Graham's conduct has had

9

some effects in New Mexico, without more, the harmful effect framework does not confer jurisdiction here. *See Old Republic Ins. Co.*, 877 F.3d at 908.

## CONCLUSION

Because Plaintiffs have failed to make a prima facie showing of personal jurisdiction, the Court must dismiss their claims against Mr. Graham under Federal Rule of Civil Procedure 12(b)(2).  In the alternative, Mr. Graham joins Defendants' Motion to Compel Arbitration and requests that the Court submit the claims against him to arbitration and stay this proceeding. Mr. Graham asks the Court to first consider this Motion to Dismiss, and, only if the Court decides that it has jurisdiction over him, then alternatively address the arguments in the Motion to Compel Arbitration, including that Mr. Graham is covered by the plain language of the agreement, is a third party beneficiary thereto, and the doctrine of equitable estoppel requires arbitration.

Dated: February 6, 2026

Respectfully submitted,

By: */s/A. Jeff Ifrah*
A. Jeff Ifrah (*pro hac vice*)
Robert W. Ward (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, D.C. 20006
Tel. (202) 524-4140
Fax (202) 524-4141
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited and Aubrey Drake Graham*

**CERTIFICATE OF SERVICE**

      I certify that on February 6, 2026, I filed the above Motion to Dismiss using the Court's CM/ECF system and served a copy upon counsel for Plaintiff by electronic mail as follows:

Christopher A. Dodd
Amber Fayerberg
FAYERBERG DODD, LLC
500 Marquette Avenue, NW
Suite 1330
Albuquerque, NM 87102
(505) 475-2742
chris@fayerbergdodd.com
amber@fayerbergdodd.com

Steven A. Schwartz (PA Bar No. 50579)
Beena M. McDonald (PA Bar No. 83315)
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
sas@chimicles.com
bmm@chimicles.com

Garrett W. Wotkyns (AR Bar No. 025887)
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
(610) 642-8500
garrettwotkyns@chimicles.com

Jarrett L. Ellzey (TX Bar No. 24040865)
Josh Sanford (AR Bar No. 2001037)
Tom Kherkher (TX Bar No. 24113389)
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
(888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com
Service: service@eksm.com

11

*Counsel for Plaintiffs*