# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NATHANIEL TORRES and RORY MICHIE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br><br>SWEEPSTEAKS LIMITED, ADIN ROSS, and AUBREY DRAKE GRAHAM<br><br>*Defendants*. | Case No.: 1:25-cv-1292 KG-KK |

### DEFENDANT ADIN ROSS'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, NOTICE OF JOINDER IN DEFENDANTS' MOTION TO COMPEL ARBITRATION [1]

Defendant, Adin Ross ("Ross"), respectfully moves this Court to dismiss Plaintiffs Nathaniel Torres and Rory Michie's ("Plaintiffs") claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2). The grounds for the Motion follow.

### PRELIMINARY STATEMENT

Plaintiffs seek to drag Mr. Ross into a foreign legal forum simply because certain content he created was accessible on the internet. This theory of personal jurisdiction has no support in controlling law and directly contravenes the constitutional limits imposed by due process. The mere

---

[1] We note for the Court the Motion to Compel Arbitration filed by counsel for Defendant Sweepsteaks Inc. on February 6, 2026. Mr. Ross has joined this Motion to Compel Arbitration in the alternative to the relief sought in this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2). As discussed herein, there are dispositive grounds to dismiss Mr. Ross from this matter. We respectfully ask this Court to prioritize the adjudication of this jurisdictional matter.

fact that online content can be viewed in a forum does not establish that an out-of-state defendant purposefully availed himself of that forum or directed conduct toward it. Plaintiffs therefore ask this Court to exercise jurisdiction where the Constitution forbids it. This Court should reject Plaintiffs' request.

Plaintiffs have failed to meet their minimal burden of pleading a *prima facie* case that this Court has personal jurisdiction—either specific or general—over Ross. *First,* Plaintiffs have not alleged any facts illustrating that Mr. Ross has more than *de minimis* contacts with New Mexico, much less contacts with the forum that are so "'continuous and systematic' as to render [him] essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). This Court, therefore, does not have general personal jurisdiction over Mr. Ross.

*Second*, Plaintiffs have not pled facts showing that Mr. Ross purposefully directed his activities at New Mexico, which is necessary to determine that Mr. Ross has the requisite "minimum contacts" with New Mexico. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). This failure is true regardless of whether this Court analyzes the "purposeful direction" requirement under the "continuous relationship", "deliberate exploitation", or "harmful effects" frameworks applied by courts in the Tenth Circuit. *Id.* at 905-07.

For these reasons, discussed in more detail below, this Court should dismiss Plaintiffs' claims against Mr. Ross pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## **BACKGROUND**

Plaintiffs Nathaniel Torres and Rory Michie ("Plaintiffs") bring this Complaint on behalf of themselves and a putative class seeking damages and other relief based on their alleged use of Defendant Sweepsteaks Limited's free-to-play social gaming platform, Stake.us. Plaintiffs named Mr. Ross as a defendant alongside Sweepsteaks Limited and Aubrey Drake Graham. Plaintiffs assert claims

under the New Mexico Unfair Practices Act and for unjust enrichment against all defendants, as well as a statutory gambling-loss claim under New Mexico law against Sweepsteaks Limited only. *See* Compl. ¶¶ 73–87.

Mr. Ross is a professional online internet personality and livestreamer. Declaration of Adin Ross ("Ross Decl.") ¶ 3. His work includes live commentary, interviews, collaborative streams with other online creators, and real-time audience engagement. *Id.* As set forth in his declaration submitted in support of this motion, Mr. Ross has never traveled to or resided in New Mexico. *Id.* ¶ 4. He does not maintain an office, mailing address, bank account, phone number, registered agent, employees, or agents in New Mexico, and he did not direct any Stake.us-related content specifically at New Mexico. *Id.* ¶¶ 5–8.

Nevertheless, Plaintiffs allege that Defendant Sweepsteaks Limited uses Mr. Ross's (and others like Mr. Graham) "influence" to promote Stake.us. *See, e.g.*, Compl. ¶¶ 8-9. Plaintiffs allege that Mr. Ross was paid to "engage in promotional 'livestream' online casino gambling with Stake.com," which "influence[d] consumers in New Mexico and elsewhere" to use Stake's platform. *Id.* ¶ 9. Plaintiffs further allege that Mr. Ross (and others) failed to disclose that he was not wagering his own funds. *Id.* Notably, Plaintiffs do not allege that Mr. Ross made any individualized representations to either of them, that Mr. Ross had any connections to New Mexico aside from his livestreams allegedly being accessible there, or that either Plaintiffs even watched one of Mr. Ross's livestreams.

## LEGAL STANDARD

A federal district court's exercise of personal jurisdiction must be consistent with both the law of the forum state and due process. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). For a court to exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would

3

not "offend traditional notions of fair play and substantial justice." *Dudnikov,* 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Plaintiffs bear the burden of establishing personal jurisdiction over an out-of-state defendant. *See Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022). This constitutionally mandated burden may be satisfied by showing that the Court may appropriately exercise either general or specific jurisdiction over the defendant. *See, e.g., Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903-05 (10th Cir. 2017). When facing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff must make a prima facie showing that jurisdiction over each defendant is proper.

## ARGUMENT

Plaintiffs fail to allege a prima facie case that this Court may properly exercise general personal jurisdiction or specific personal jurisdiction over Mr. Ross. As such, Plaintiffs have not met their constitutionally required burden and their claims against Mr. Ross should be dismissed.

### I. Mr. Ross Is Not Subject To General Personal Jurisdiction In New Mexico.

Mr. Ross is not subject to "general" personal jurisdiction in New Mexico. A court may have general jurisdiction over a non-resident defendant when the defendant's contacts with the state are so "continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (quotations omitted). Courts impose a "high burden" to establish the minimum contacts necessary for general jurisdiction. *See Benton v. Cameco Corp.,* 375 F.3d 1070, 1080–81 (10th Cir.2004). This theory of jurisdiction is plainly inapplicable here.

There are no allegations in the Complaint which suggest Mr. Ross is "at home" in New Mexico. Nor could there be. Mr. Ross does not reside in New Mexico and he has never traveled to the state. Ross Decl. ¶ 4. Similarly, Mr. Ross does not maintain a business presence in New Mexico and none of the Stake.us content that he created was specifically targeted at New Mexico or its residents. *Id.* ¶¶ 5-8. In other words, Mr. Ross *has virtually no contacts* with the state of New Mexico,

4

much less contacts that might reasonably be considered "continuous and systematic." *Goodyear*, 564 U.S. at 919.

As a result, it would be improper for this Court to exercise jurisdiction over Mr. Ross under a theory of "general" personal jurisdiction.

## II.     **Mr. Ross Is Not Subject To Specific Personal Jurisdiction In New Mexico.**

Mr. Ross is not subject to "specific" personal jurisdiction in New Mexico either. The minimum contacts test for specific jurisdiction encompasses two distinct requirements: "first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). "[T]he shared aim of 'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id. (quoting Burger King,* 471 U.S. at 475). Moreover, where a defendant's contacts with a forum arise out of "non-territorial" activities like "internet posting," courts place emphasis on the defendant "intentionally directing [his] activity or operation at the forum state, rather than just having the activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011).

The Tenth Circuit has recognized three frameworks for determining whether a defendant's conduct satisfies the purposeful direction requirement: "(1) continuing relationships with forum state residents ('continuing relationships'); (2) deliberate exploitation of the forum state market ('market exploitation'); and (3) harmful effects in the forum state ('harmful effects')." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). As discussed below, Plaintiffs fail to establish that Mr. Ross "purposefully directed" activity at New Mexico under *any* of these frameworks.

> a. *Mr. Ross has no "continuing relationship" with New Mexico residents, nor did he "deliberately exploit" the New Mexico market.*

5

A plaintiff may satisfy the "purposeful direction" requirement by showing that the out-of-state defendant had "continuing relationships and obligations with citizens of [the forum state]," or that the out-of-state defendant "continuously and deliberately exploited the [forum state] market." *Id.* at 905–06 (cleaned up). Jurisdiction is improper under either of these frameworks because Plaintiffs fail to allege that Mr. Ross had *any* meaningful connection with the state of New Mexico.

Plaintiffs offer, at most, four conclusory allegations regarding Mr. Ross's contacts with New Mexico. These are:

- "Stake in particular pays online influencer-Defendants Adin Ross ("Ross") and Aubrey Drake Graham ("Drake") each millions of dollars yearly to engage in 'livestream' online casino gambling with Stake.com — which, as the name implies, does indeed influence consumers in New Mexico and elsewhere to gamble with Stake.us." (Compl. ¶ 9.)

- "[W]hen Ross and Drake purport to gamble online with Stake.com, they often do not do so with their own money despite telling the public in New Mexico and elsewhere the opposite. This fact is not shared with the public in New Mexico by Stake and/or Ross and/or Drake." (*Id.*)

- "Stake's influencer marketing, especially through Drake and Ross, is directed among others at teenagers in New Mexico and in other states." (*Id.* ¶ 54)

- "Stake's and Drake's and Ross's conduct here threatens the welfare of New Mexico residents and especially its young people." (*Id.* ¶ 57.)

These allegations reduce to the assertion that Mr. Ross livestreamed content that was accessible globally—and by extension, in New Mexico, where it may have had effects. This is not enough.

Critically, these allegations do not show that *Mr. Ross* directed his alleged activities at New Mexico or its residents. *See Home–Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1020 (10th Cir.1990) ("Minimum contacts must be found as to each defendant over whom the court exercises jurisdiction."). Paragraphs 9 and 54 of the Complaint focus on *Stake's* conduct, not Mr. Ross's, ("Stake…pays online influencer-Defendants . . . to engage"; "Stake's influencer marketing"). And paragraph 57 merely indicates that New Mexico residents may be affected (threatened) by "Stake's,

6

Drake's, and Ross's" conduct.[2] These allegations do not establish that Mr. Ross purposefully directed his activity at New Mexico or its residents.

The Complaint is also devoid of allegations that would typically confer jurisdiction under the continuing relationship or deliberate exploitation frameworks. The continuing relationship framework is often applied in the context of a contractual relationship between the out-of-state defendant and the forum residents. *See Old Republic Ins. Co.*, 877 F.3d at 905. But the Complaint is devoid of any allegations that Mr. Ross has ongoing, suit-related relationships of any kind with New Mexico residents. *See id.* (noting that courts must evaluate "prior negotiations and contemplated future consequences," contractual terms, and "the parties' actual course of dealing"). Similarly, the Complaint does not contain any indicia of "deliberate exploitation" by Mr. Ross, such as high sales volume and large customer base and revenue. *Cf. Bustos v. Ryder Truck Rental, Inc.*, No. 1:23-cv-00679-DHU-JHR, 2024 WL 2260786, at *9 (D.N.M. May 17, 2024) (jurisdiction existed under deliberate exploitation framework where defendant operated business, maintained New Mexico customer base, generated revenue in New Mexico, and directed advertising at New Mexico).

Given Plaintiffs' allegations, neither the continuing relationships nor the market exploitation framework confer personal jurisdiction over Mr. Ross.

    b. *Personal jurisdiction is not appropriate under the "harmful effects" framework.*

Plaintiffs' allegations are also insufficient to establish jurisdiction over Mr. Ross under the "harmful effects" framework, which is derived from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). A plaintiff seeking to establish jurisdiction under the "harmful effects" framework must demonstrate each of the following: "(a) an intentional action . . . , that was (b) expressly aimed at the forum state . . . , with (c) knowledge that the brunt of the injury would be felt in the forum

---

[2] In any event, this paragraph is a conclusory statement that is not entitled to any deference at this stage. *See Strobel v. Rusch*, 364 F. Supp. 3d 1270, 1278 (D.N.M. 2019) (when ruling on a Rule 12(b)(2) motion, courts need not accept conclusory allegations).

7

state." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). Plaintiffs simply do not allege any facts which support exercising jurisdiction under this framework.

At its core, Plaintiffs' jurisdictional theory is that Mr. Ross's Stake.us-related content was accessible in New Mexico. This theory cannot form the basis of jurisdiction over Mr. Ross for three reasons, each of which are dispositive. *First,* Plaintiffs' theory primarily relies on *Plaintiffs'* relationship with the forum (*i.e.*, the plaintiffs are New Mexico residents who were allegedly harmed in New Mexico). However, under the harmful effects test, "a plaintiff's contacts with the defendant and forum" cannot "drive the jurisdictional analysis." *Walden v. Fiore*, 571 U.S. 277, 289 (2014); *Eighteen Seventy, LP*, 32 F.4th at 969.

*Second*, it is the plaintiff's burden to show that the forum state (here, New Mexico) is the "'focal point' of the defendant's conduct." *See Eighteen Seventy, LP*, 32 F.4th at 971. As discussed above, the very few purportedly jurisdictional allegations in the Complaint are conclusory or focus on *Stake's* conduct (not Mr. Ross's). Moreover, these allegations make clear that New Mexico was merely one of an undefined number of states (or countries) where Mr. Ross's Stake.us related content was accessible. For example, in paragraph 54, Plaintiffs note that Stake's marketing was "directed among others at teenagers in New Mexico *and in other states*." Similarly, Plaintiff asserts in paragraph 9 both that Stake pays influencers to "engage in promotional 'livestream' *online* casino gambling" which "influence[s] consumers in New Mexico and *elsewhere*" and that "when Ross and Drake purport to gamble online with Stake.com, they often do not do so with their own money despite telling the public in New Mexico *and elsewhere* the opposite." These allegations cannot be relied upon to show that Mr. Ross "expressly aimed" any conduct *at New Mexico*. *See Calder*, 465 U.S. at 789; *Dudnikov*, 514 F.3d at 1072.

Plaintiffs cannot sidestep this requirement on the grounds that New Mexico is allegedly one of the states where Mr. Ross's online content was accessible. In the Tenth Circuit, the mere fact that

a website is accessible in a forum state is not, by itself, enough to confer jurisdiction over a non-resident defendant. *Old Republic Ins. Co.*, 877 F.3d at 908. Rather, courts in this Circuit place "emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there." *Id.* (quoting *Shrader*, 633 F.3d at 1240) (emphasis in original). This is in line with how other federal jurisdictions have analyzed "*Calder's* effects test in the age of digital harms." *See, e.g., Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 125 (1st Cir. 2022) ("Nothing in the record indicates that CarData . . . sought to serve Massachusetts residents in particular" as opposed to "North America." (quotation marks omitted)); *Hasson v. FullStory, Inc.*, 114 F.4th 181, 190–91 (3d Cir. 2024) ("Papa Johns did not expressly aim its Session Replay Code at Pennsylvania by operating a website that was accessible in the forum."); *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 787 (5th Cir. 2021) ("Plaintiffs contend that [the] interactive website targets the entire United States, and so it necessarily targets Louisiana. But we have previously rejected this 'greater includes the lesser' theory."); *Blessing v. Chandrasekhar*, 988 F.3d 889, 906 (6th Cir. 2021) ("There is no evidence that the defendants posted the tweets hoping to reach Kentucky specifically as opposed to their Twitter followers generally."). As discussed above, Plaintiffs have not met this burden.

Finally, the Complaint is devoid of allegations suggesting that Mr. Ross had knowledge of *any* alleged injury—much less that he had "knowledge that the brunt of [an alleged] injury would be felt in" New Mexico. *Dudnikov*, 514 F.3d at 1072. As a result, Plaintiffs have failed to plead the final element of the harmful effects test. Their claims against Mr. Ross, therefore, should be dismissed.

\* \* \*

Plaintiffs have failed to allege facts establishing that Mr. Ross purposefully directed any conduct at New Mexico or that Plaintiffs' claims arise out of any forum-specific contacts attributable to him. Their jurisdictional theory rests instead on the nationwide accessibility of internet content and

the alleged effects felt in New Mexico, which is insufficient under Tenth Circuit law. Because Plaintiffs have not made a prima facie showing of specific personal jurisdiction, the Court should dismiss the claims against Mr. Ross for lack of personal jurisdiction.

## CONCLUSION

For the reasons discussed above, Plaintiffs have failed to make a prima facie showing of personal jurisdiction over Mr. Ross. This Court, therefore, must dismiss Plaintiffs' claims against Mr. Ross under Federal Rule of Civil Procedure 12(b)(2). In the alternative, Mr. Ross joins Defendants' Motion to Compel Arbitration, and, for the reasons set forth therein, including that he is covered by the plain language of the agreement, is a third party beneficiary thereto, and the doctrine of equitable estoppel requires arbitration, asks the Court to submit the claims against him to arbitration and stay this proceeding.

Dated: February 6, 2026

Respectfully submitted,

By: */s/ Christopher D. Joyce*
Christopher D. Joyce, NM 26-47
Jeffrey A. Neiman (*pro hac vice forthcoming*)
Brandon S. Floch (*pro hac vice forthcoming*)
NEIMAN MAYS FLOCH & ALMEIDA, PLLC
550 S. Andrews Ave, Suite 720
Fort Lauderdale, Florida 33301
Phone: (954) 462-1200
cjoyce@nmfalawfirm.com
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com

*Counsel for Defendant Adin Ross*

## **CERTIFICATE OF SERVICE**

I certify that on February 6, 2026, I filed the above Motion to Dismiss using the Court's CM/ECF system and served a copy upon counsel for Plaintiff by electronic mail as follows:

Christopher A Dodd
Amber Fayerberg
FAYERBERG DODD LLC
500 Marquette Ave NW
Ste 1330
Albuquerque, NM 87102
505-475-2742
chris@doddnm.com
amber@fayerbergdodd.com

Steven A. Schwartz (PA Bar No. 50579)
Beena M. McDonald (PA Bar No. 83315)
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
sas@chimicles.com
bmm@chimicles.com

Garrett W. Wotkyns (AR Bar No. 025887)
CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
(610) 642-8500
garrettwotkyns@chimicles.com

Jarrett L. Ellzey (TX Bar No. 24040865)
Josh Sanford (AR Bar No. 2001037)
Tom Kherkher (TX Bar No. 24113389)
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
(888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com
Service: service@eksm.com

*Counsel for Plaintiffs*