## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NATHANIEL TORRES and RORY MICHIE,
individually and on behalf of all others similarly
situated,

    Plaintiffs,        Case No.: 1:25-CV-01292 KG/KK

v.

SWEEPSTEAKS LIMITED; ADIN ROSS; and
AUBREY DRAKE GRAHAM,

    Defendants.

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs Nathaniel Torres and Rory Michie, individually and on behalf of all others similarly situated, and Defendants Sweepsteaks Limited, Aubrey Drake Graham, and Adin Ross, by and through undersigned counsel, respectfully move this Court to enter an order staying all proceedings in this matter. In support of this motion, the Parties state the following:

### BACKGROUND

1.  On October 29, 2025, Plaintiffs Nathaniel Torres and Rory Michie commenced a civil action against Defendants Sweepsteaks Limited, Adin Ross, and Aubrey Drake Graham in the Second Judicial District Court, Bernalillo County, New Mexico entitled *Torres et al. v. Sweepsteaks Limited et al.* Case No. D-202-CV-2025-09620. On December 23, 2025, Defendants removed this action to this Court. (Dkt. No. 1.)

2.  The Parties agreed that, in exchange for allowing Plaintiffs to avoid the time and expense associated with service of the Summons and Complaint, Defendants' time to answer, move, or otherwise respond to the Complaint would be extended until and including February 6, 2026. (Dkt. No. 9.) The Parties further agreed that, should any Defendant file a motion requiring a response, Plaintiffs would have until and including April 3, 2026, to file a response. (*Id.*) On January 6, 2026, the Court entered an order adopting the Parties' agreed deadlines. (Dkt. No. 10.)

1

3. On January 7, 2026, Magistrate Judge Kirtan Khalsa entered an order finding good cause to delay entry of a scheduling order under Federal Rule of Civil Procedure 16(b)(2). (Dkt. No. 11.)

4. On February 6, 2026, Defendants Graham and Ross each filed a motion to dismiss for lack of personal jurisdiction. (Dkt. Nos. 16, 17.) Defendant Sweepsteaks Limited filed a motion to compel arbitration, which Defendants Graham and Ross joined in the alternative to their motions to dismiss. (Dkt. No.18.)

5. On March 2, 2026, Plaintiffs served Interrogatories and Requests for Production of Documents on all Defendants. (Dkt. No. 19.) In response, Defendants asserted that the requests were premature under Federal Rule of Civil Procedure 26 and the Court's order delaying entry of a scheduling order, and requested that Plaintiffs withdraw the requests. Plaintiffs withdrew the requests on March 13, 2026.

## GROUNDS FOR A STAY

6. Throughout the course of this action, the possibility of an agreement to stay all further proceedings in this action was proposed in light of Sweepsteaks Limited's pending, or soon-to-be-filed, motions to compel arbitration in other actions involving similar claims (the "Other Similar Actions"). *See e.g.*, *Urdan v. Sweepsteaks Limited*, No. 1:25-cv-03736 (N.D. Ill. 2025).

7. As this action has proceeded, the Parties have continued to discuss the proposed stay and the possibility that litigation of this matter may be informed by rulings advanced in the Other Similar Actions. As a result of the Parties' ongoing discussion, the Parties have agreed that this action should be stayed for a period of at least six months.

8. Defendants have reached a similar agreement with the plaintiff in an action currently pending in the Western District of Missouri, *Killham v. Sweepsteaks Limited*, No. 4:25-CV-990-DGK, that involves overlapping counsel and raises claims and issues similar to those in this action. The *Killham* court granted the parties' joint motion for a stay shortly after it was filed on March 26, 2026. The order granting the parties' motion to stay in *Killham* is attached hereto as **Exhibit A**.

9.    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) ("District courts have the prerogative to decide whether a stay is warranted given the specific circumstances of a case.").

10.    Good cause exists to issue a stay.  A stay will provide an opportunity to the Parties to be informed by the decisions in the Other Similar Actions and potentially narrow the issues as a result. *See id.* (parties and issues need not be identical to warrant stay); *Archuleta v. Phelps*, No. 1:24-cv-00157, 2025 WL 901799, at *6 (D.N.M. Mar. 25, 2025) (stay appropriate where other proceedings would narrow issues).

11.    There will be no prejudice to the Parties from a temporary stay of the case because this litigation remains in its early stages. The action was removed to this Court on December 23, 2025, Plaintiffs have not yet filed their responses to Defendants' pending motions, and there has been no discovery in this action.

12.    A stay will also promote judicial efficiency in that there are currently three motions pending which need not be addressed and may be resolved at the end of the stay period.  Further, the Parties have already expressed disagreements regarding how and whether discovery should proceed, and the Court need not address discovery disputes that have already started to arise during the requested stay period and which may be resolved or substantially limited by virtue of determinations made in the Other Similar Actions.

13.    If the Court grants this Motion, the Parties propose submitting a status report once every three months for the duration of the stay, which shall include the Parties' views on whether and when the case shall return to active litigation. The Parties further agree that, within thirty days of the Court's order lifting the stay, they will meet and confer and propose to the Court a revised briefing schedule on Defendants' pending motions.

14.    All Parties respectfully reserve all other rights, including but not limited to with respect to any position regarding Defendants' pending motions to dismiss and motion to compel

3

arbitration, including the right of Defendants Graham and Ross to challenge this Court's jurisdiction.

**WHEREFORE**, for the foregoing reasons and good cause shown, the Parties respectfully request that the Court stay all proceedings in this action for six months and vacate any deadlines associated with Defendants' pending motions to dismiss and motion to compel arbitration.

DATE: April 1, 2026

Respectfully submitted,

FAYERBERG DODD, LLC

/s/Christopher A. Dodd (with permission)
Christopher A. Dodd
Amber Fayerberg
500 Marquette Avenue, NW
Suite 1330
Albuquerque, NM 87102
(505) 475-2742
chris@fayerbergdodd.com
amber@fayerbergdodd.com

Steven A. Schwartz (PA Bar No. 50579)
Beena M. McDonald (PA Bar No. 83315)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA  19041
T: (610) 642-8500
sas@chimicles.com
bmm@chimicles.com

Garrett W. Wotkyns (AR Bar No. 025887)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
T: (610) 642-8500
garrettwotkyns@chimicles.com

IFRAH PLLC

By: /s/Robert W. Ward
A. Jeff Ifrah (No. 26-23)
Robert W. Ward (No. 25-437)
1717 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited and Aubrey Drake Graham*

NEIMAN MAYS FLOCH & ALMEIDA PLLC

By: /s/Christopher D. Joyce (with permission)
Jeffrey A. Neiman (*pro hac vice* forthcoming)
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Brandon S. Floch (*pro hac vice* forthcoming)
Florida Bar No. 125218
bfloch@nmfalawfirm.com
Christopher D. Joyce (No. 26-47)
Florida Bar No. 1020006
cjoyce@nmfalawfirm.com
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131
Phone: (305) 434-4943

*Counsel for Defendant Adin Ross*

4

Jarrett L. Ellzey (TX Bar No. 24040865)
Josh Sanford (AR Bar No. 2001037)
Tom Kherkher (TX Bar No. 24113389)
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 770006
T: (888) 350-3931
*jellzey@eksm.com*
*jsanford@eksm.com*
*tkherkher@eksm.com*
Service: service@eksm.com

*Counsel for Plaintiffs and the Proposed Class*