**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NATHANIEL TORRES and RORY MICHIE,
individually and on behalf of all others
similarly situated,

          *Plaintiffs*,

   v.

SWEEPSTEAKS LIMITED; ADIN ROSS;
and AUBREY DRAKE GRAHAM,

          *Defendants*.

Case No.: 1:25-cv-01292 KG/JMR

## JOINT STATUS REPORT

Pursuant to the Parties Joint Status Report (Doc. 23), and the Court's Order Granting Joint Motion to Stay (Doc. 21), the Parties respectfully submit the following Joint Status Report.

## RELEVANT BACKGROUND

1. Per the Court's Order Granting Joint Motion to Stay (Doc. 21), on June 26, 2026, the Parties submitted a Joint Status Report reporting on the status of the other similar actions and requesting a continued stay. (Doc. 23.) The Court has not yet ruled on that request. However, the Parties committed to submitting a further status report on or before September 25, 2026, or within fourteen (14) days of a ruling on the pending motions to compel arbitration in *Urdan v. Sweepsteaks Limited*, No. 1:25 cv-03736 (April 7, 2025 N.D. Ill.), or *Ridley v. Sweepsteaks Limited*, No. 1:25-cv-02511-LMB-WEF (E.D. Va.), whichever is earlier.

2. The *Ridley* court issued its ruling on July 30, 2026, and the Parties therefore submit this Joint Status Report.

## STATUS OF OTHER SIMILAR MATTERS

3. *Ridley v. Sweepsteaks Limited* – On July 30, the *Ridley* court granted Defendant Sweepsteaks Limited's motion to compel arbitration, denied its alternative motion to dismiss as

moot, and held all other pending motions in abeyance pending arbitration.

4.    *Urdan v. Sweepsteaks Limited* – Briefing on Defendant Sweepsteaks Limited's renewed motion to compel arbitration in *Urdan*, was completed as of June 5. The parties are still awaiting a ruling from the court on that motion.

5.    *Killham v. Sweepsteaks Limited* (W.D. Mo.). As previously reported, the Parties reached a similar agreement in *Killham*, which involves overlapping counsel and raises claims and issues similar to those presented in this action. The *Killham* action likewise remains stayed pending developments in the other similar actions. The Parties are submitting a similar further status report to the *Killham* court requesting a continued stay.

6.    *Wolters v. Sweepsteaks Ltd*., 2026 U.S. Dist. LEXIS 145495  (D.Minn.) – The Court denied Defendant Sweepsteaks Limited's motion to compel arbitration. Sweepsteaks Limited has appealed the *Wolters* decision to the Eighth Circuit. *Wolters v. Sweepsteaks Limited*, No. 26-2459 (8th Cir.)

7.    *Dixon v. Sweepsteaks Limited*, No. 3:25-CV-09641 (D.S.C.) – The Court granted Sweepsteaks Limited's motion to compel arbitration. *See Dixon*, No. 3:25-CV-09641, Dkt. No. 23 (D.S.C. May 27, 2026).

<u>PLAINTIFFS' POSITION</u>

8.    There will continue to be no prejudice to the Parties from a further temporary stay of this case. This litigation remains in its early stages. Plaintiffs have not filed responses to Defendants' pending motions to dismiss, motion to compel arbitration, and motion to stay discovery.

9.    A continued stay preserves the status quo while the Parties await rulings that may narrow or resolve the issues in this case, and it promotes judicial efficiency by avoiding the need

1

to address the four pending motions and competing discovery issues while developments in the other similar actions remain pending. *Archuleta v. Phelps*, No. 1:24-cv-00157, 2025 WL 901799, at *6 (D.N.M. Mar. 25, 2025) (stay appropriate where other proceedings would narrow issues); *Aersale, Inc. v. Aviation Pers., LLC*, 2025 U.S. Dist. LEXIS 70834, *6 (D.N.M. Apr. 14, 2025) (courts possess inherent authority to manage their dockets in order to resolve disputes efficiently and expeditiously including the power to stay matters before it).

10.     In light of the pending ruling in *Urdan*, Plaintiffs respectfully submit that this action should remain stayed and that it would be premature to return the case to active litigation at this time.

11.     Plaintiffs respectfully request that the stay be extended for an additional ninety (90) days, and propose to submit a further status report on or before November 11, 2026, which will advise the Court whether and when this action should return to active litigation.

12.     Plaintiffs further propose that, within thirty (30) days of any order lifting the stay, they will meet and confer and propose to the Court a revised proposed scheduling order, which shall include a proposed briefing schedule on Defendants' pending motions.

13.     Plaintiffs respectfully request that the Court enter the accompanying proposed order continuing the stay of all proceedings in this action and permitting the Parties to submit a further status report as set forth above.

14.     In the alternative, if the Court does not continue the stay in this matter, Plaintiffs respectfully request that the Court enter an order directing the parties to conduct jurisdictional discovery.  A plaintiff's request for jurisdictional discovery should "be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535,

2

540 (9th Cir. 1986) (internal quotations and citations omitted).

15. Here, pertinent facts bearing on the question of the Court's personal jurisdiction over Defendants are controverted and a more satisfactory showing of the facts relating to Defendants' jurisdictional arguments for dismissal is in order for Defendants' instant jurisdictional motion to be properly justiciable. *See, e.g., In re Gasoline Spot Litig.*, 2020 U.S. Dist. LEXIS 238858, at *29 (N.D. Cal. Dec. 18, 2020) (ordering parties in consumer case involving jurisdictional issues such as purposeful direction and alleged alter ego behavior to conduct jurisdictional discovery because, among other reasons, "Plaintiffs' objections to [Defendant's] declaration statements as lacking in foundation and hearsay are well-taken"); *Nop v. Am. Water Res., Inc*, 2015 U.S. Dist. LEXIS 156018, at *11 (2015) ("For these reasons, the Court will grant Plaintiff's request for limited jurisdictional discovery. Plaintiff's claims do not appear frivolous, and the Court is confident that the parties, with the aid of the magistrate judge, will be able to agree on discovery requests that are reasonably tailored[]").

16. For instance, Defendant Aubrey Graham (the rapper known as "Drake") transacts business in New Mexico through his promotional partnership with Stake. Drake's aggressive marketing of Stake to his millions of social media followers directly influences new users to spend money gambling on Stake.us. (Doc. 1-1, ⁋ 54.) Further, viewers of Drake's Kick.com livestreams promoting Stake can subscribe to his channel by paying a monthly fee, 95% of which goes directly to Drake. *Id.* ⁋ 53.

17. Without discovery, Plaintiff cannot ascertain the exact number of New Mexico residents that have subscribed to Drake's Kick.com channel or that Drake has targeted with promotional content and convinced to gamble on Stake.us. But the Court can reasonably infer from Drake's substantial follower count and widespread influence on young people nationwide, as well

3

as from Plaintiff's experience, that Drake has conducted at least a "single transaction" within New Mexico. That inference is sufficient to establish that New Mexico's long-arm statute authorizes the Court to exercise personal jurisdiction over Drake and warrants jurisdictional discovery to confirm those facts.

18.   Plaintiff also disputes facts in the unsupported declaration attached to Drake's motion that the Court may find essential to resolving the jurisdictional inquiry. Drake's claims that he has not "directed, tailored, or targeted [his] Stake.us-related promotional content specifically to New Mexico residents or to the New Mexico market" and has never "created Stake.us-related content with the intention or understanding that [his] content would be used to advertise Stake.us specifically in the state of New Mexico," Doc. 16-1, contradict Plaintiff's plausible allegations that Drake's promotion of Stake is directed at young people in New Mexico. *See* (Doc. 1-1, ¶¶ 9, 54 57.) Resolving this dispute requires jurisdictional discovery because Plaintiff does not have access to the details of Drake's partnership with Stake, which may reveal an intent to target the New Mexico market and the use of promotional tactics tailored to New Mexico consumers.

19.   Further, when jurisdiction depends on a defendant's online conduct, jurisdictional discovery is often necessary to determine whether the defendant has minimum contacts with the forum state. *See Lakin v. Prudential Sec.*, 348 F.3d 704, 713 (8th Cir. 2003) (collecting "internet personal jurisdiction cases" in which courts remanded for further jurisdictional discovery). In *Lakin*, the Eighth Circuit concluded that the district court abused its discretion in denying jurisdictional discovery where the record lacked evidence of the quantity of contacts the defendant had with Missouri residents through its website, and the plaintiffs could not supplement the record without discovery. *Id.* at 712-13. Plaintiffs, therefore, respectfully ask that the Court order the parties to conduct jurisdictional discovery should the Court not continue the instant stay.

DEFENDANTS' POSITION

12.     Defendants respectfully submit that the Court should enter an order partially lifting the stay for the purpose of resolving Defendants Aubrey Drake Graham's and Adin Ross' motions to dismiss for lack of personal jurisdiction. Maintaining a stay would substantially prejudice Defendants Graham and Ross because it may be months, if not longer, before the motion to compel arbitration in *Urdan* is fully and finally resolved, particularly if the motion is denied and Sweepsteaks Limited appeals under 9 U.S.C. § 16. But even if it were decided sooner, the result in *Urdan* would not affect the outcome of the motions to dismiss. *See Chile Colonial, LLC v. Trader Joe's Co.*, 2020 WL 12432440, at *2 (D. Colo. Dec. 2, 2020) (denying stay where parallel proceeding would not resolve same issues). Because Sweepsteaks Limited is the sole named defendant in *Urdan* and has not raised the defense of personal jurisdiction in that action, a ruling *Urdan* will not assist the Court in resolving the jurisdictional issues in this case. *See id.* For similar reasons, partially lifting the stay would not cause "substantial inequity or hardship" to Plaintiff. *Thompson v. Averill*, 2025 WL 472367, at *3 (N.D. Okla. Feb. 12, 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

13.     Delaying resolution of the personal jurisdiction motions would also be inefficient. The Court will need to resolve the personal jurisdiction motions before ruling on any motion to compel arbitration. *See Hutton & Hutton Law Firm, LLC v. Girardi & Keese*, 96 F. Supp. 3d 1208, 1214–27 (D. Kan. 2015) (deciding motion to compel arbitration only after concluding that defendants were properly subject to suit in Kansas).

14.     Further, the Court can and should resolve these motions promptly without discovery. *See Alphagen Biotech v. Langoost Enters., LLC*, No. 2:13-CV-15, 2013 WL 2389792, at *8 (D. Utah May 30, 2013) (denying jurisdictional discovery where plaintiff failed to make a

5

prima facie case of personal jurisdiction and there was no indication that additional discovery would alter the outcome). While Defendants do not believe it is appropriate to brief the issue in a status report, Defendants note that Plaintiff's speculation about what discovery "may reveal" about Defendants' contacts with New Mexico is not enough to warrant jurisdictional discovery, particularly before Defendants Graham and Ross have even refiled their motions to dismiss. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233–34 (10th Cir. 2020) (affirming denial of jurisdictional discovery based only on speculation that discovery into business relationship would aid plaintiff in establishing personal jurisdiction); *Thaxton v. GEICO Advantage Ins. Co.*, No. 1:18-cv-00306-KWR-KK, 2022 WL 562264, at *5 (D.N.M. Feb. 24, 2022) ("[A] request for jurisdictional discovery must be supported by more than a mere 'hunch that it might yield jurisdictionally relevant facts.'").

15.    Granting one or both of the motions to dismiss would also narrow the issues before the Court on a renewed motion to compel arbitration. If the Court concludes that it lacks personal jurisdiction over Defendants Graham and Ross, it would not need to address whether Plaintiff's claims against them are subject to the relevant arbitration agreement. *See Chile Colonial*, 2020 WL 12432440, at *2 (judicial efficiency factor weighed against stay where parallel proceeding involved different issues).

16.    Defendants Graham and Ross therefore respectfully request that the Court enter an order lifting the stay and permitting them to refile their motions to dismiss for lack of personal jurisdiction.

17.    Defendants reserve all rights, including the right to move to stay discovery should Plaintiffs seek discovery (jurisdictional or otherwise) pending resolution of Defendants Graham's and Ross's motions to dismiss and any future motion to compel arbitration.

18.     Defendants do not oppose maintaining the stay as to the motion to compel arbitration pending a ruling in *Urdan*.

19.     Accordingly, Defendants respectfully request that the Court enter the accompanying proposed order partially lifting the stay and setting a briefing schedule on Defendant Graham's and Defendant Ross's motions to dismiss for lack of personal jurisdiction, staying any proceedings on Defendants' motion to compel arbitration pending a ruling in *Urdan*, and permitting the Parties to submit a further status report within 14 days of a ruling in *Urdan*.

Respectfully submitted,

FAYERBERG DODD, LLC

*/s/ Amber Fayerberg*
Christopher A. Dodd
Amber Fayerberg
500 Marquette Avenue, NW
Suite 1330
Albuquerque, NM 87102
(505) 475-2742
chris@fayerbergdodd.com
amber@fayerbergdodd.com

Steven A. Schwartz, *pro hac vice* forthcoming
Beena M. McDonald, *pro hac vice* forthcoming
CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel. No. (610) 642-8500
sas@chimicles.com
bmm@chimicles.com

Garrett W. Wotkyns, *pro hac vice* forthcoming
CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85255
Tel. No. (610) 642-8500

A. Jeff Ifrah (No. 26-23)
Robert W. Ward (No. 25-437)
IFRAH PLLC
1717 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
jeff@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Sweepsteaks Limited
and Aubrey Drake Graham*

NEIMAN MAYS FLOCH & ALMEIDA PLLC
Jeffrey A. Neiman *pro hac vice*
jneiman@nmfalawfirm.com
Brandon S. Floch *pro hac vice*
bfloch@nmfalawfirm.com
Christopher D. Joyce *pro hac vice*
cjoyce@nmfalawfirm.com
1 SE 3rd Avenue, Suite 1800
Miami, Florida 33131
Phone: (305) 434-4943

*Counsel for Defendant Adin Ross*

7

garrettwotkyns@chimicles.com

Jarrett L. Ellzey, *pro hac vice* forthcoming
Tom Kherkher, *pro hac vice* forthcoming
Josh Sanford, *pro hac vice* forthcoming
EKSM, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 770006
Telephone: (888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com
Service: service@eksm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed using the Court's ECF system on August 13,

2026 and was thereby served upon all counsel of record.

/s/ *Amber Fayerberg*
Amber Fayerberg
Counsel for Plaintiffs

8