**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| NATHANIEL TORRES AND RORY MICHIE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM,<br><br>*Defendants*. | Case No.: 1:25-CV-1292-KG-KK |

**PLAINTIFFS' INTERROGATORIES CONCERNING JURISDICTION TO DEFENDANTS AUBREY DRAKE GRAHAM AND ADIN ROSS**

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Nathaniel Torres and Rory Michie, by and through their attorneys, request that Defendant Aubrey Drake Graham ("Defendant Drake" or "Drake") and Defendant Adin Ross ("Defendant Ross" or "Ross") answer each of the interrogatories below.

**DEFINITIONS**

1. "Action" means the above captioned action.

2. "Adin Ross" or "Defendant Ross" refers to Defendant Adin Ross, together with any of his affiliate corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

3. "Agreement" means, without limitation, any understanding, arrangement, contract, promise, commitment, or meeting of the minds, whether written, oral, electronic, or implied by

conduct, between two or more Persons, relating to any subject matter at issue in this action.

4. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Interrogatory inclusive rather than exclusive.

5. "Any" "all", "each" and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

6. "Aubrey Drake Graham" or "Defendant Graham" refers to Defendant Aubrey Drake Graham, together with any of his affiliate corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

7. "Communication(s)" or "Communicated" means and shall refer to, without limitation, any oral, written spoken or electronic Document, including but not limited to, any advice, advisements, announcements, assertions, chats or online messages, conferences, contacts, conversations, declarations, discussions, dissemination, facsimiles, letters, machine-generated messages, meetings, memorandum, note, postings, publication, seminars, talks, telephone communications, text or mobile messages, transmissions, utterances, or other exchange of information.

8. "Complaint" means the operative Complaint filed in this Action.

9. "Document(s)" is defined to be synonymous in meaning and equal in scope to usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure (any designated documents or electronically stored information) and as otherwise required in any ESI agreement or Court Order. The term Document is intended to include all Electronic Media, ESI, and Communications.

A non-identical copy or duplicate of a Document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate Document within the meaning of this term.

10. "Electronic Media" means any electronic means of storing, transmitting, or recording ESI, including but not limited to, Computer System memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray discs, cloud storage (e.g., DropBox, Box, OneDrive, AWS, SharePoint, etc.), tablet computers (e.g., iPad, Kindle, Nook, Samsung Galaxy Tab, etc.), personal digital assistants, cellular phones, instant or video messaging, social media, e-mail servers, magnetic tapes of all types, external hard drives, servers or backup servers, or any other means for electronic storage transmittal and/or recording.

11. "Electronically Stored Information" or "ESI" means information or data stored in an Electronic Media, regardless of the media type or whether it is in the original format in which it was created, and that is retrievable in perceivable forms and includes metadata, system data, and fragmented data.

12. "Home Page" means the home page of Stake.us.

13. "Identify," with respect to a Document means, to give, to the extent known, the (i) type of Document (i.e., correspondence, memorandum, business record, etc.); (ii) general subject matter; (iii) date of the Document; and (iv) author(s) or preparer(s), addressee(s), and recipient(s) of each such Document; (v) the present location of each such Document or copies thereof; and, if applicable, (v) the bates number of the Document. "Identify," with respect to an entity, governmental body, department or agency (not a natural Person), means to state the full name, address, and telephone number for its principal place of business. "Identify," with respect to a natural Person means, to give, to the extent known, the (i) Person's full name and title; (ii) current

or last known address; (iii) current or last known business and telephone number(s); and (iv) current or last known place of employment. Once a Person has been identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of such Person. Where applicable, "Identify and describe" means to provide a complete and detailed response to the interrogatory, including but not limited to Identifying of all Persons and Documents involved and the nature and substance of any related Communications, and the date(s) and location(s) of relevant events.

14. "Including" means "including but not limited to."

15. "Mandatory Acceptance Page(s)" means the webpage(s) on Stake.us where a user would "check the box indicating he agreed to the updated Terms, and then click a button to confirm his acceptance" as stated and referred to in Defendants' Motion to Compel Arbitration and Stay Proceedings (ECF No. 18).

16. "Person" means any natural persons, proprietorships, legal or governmental entities, corporations, partnerships, trusts, joint ventures, groups, associations, or organizations. Any reference to a "Person" shall mean that "Person" and all affiliates, divisions, controlled companies, subsidiaries or otherwise related entities and all of his, her or its current and former officers, directors, employees, agents, representatives, attorneys and accountants.

17. "Possession, custody, or control" means and refers to any Documents in Your possession, custody, or control. A Document is deemed to be in Your "possession, custody, or control" if it is in Your physical custody, or if it is in the physical custody of another Person or entity and You: (a) own such Document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such Document on any terms; (c) have an understanding, express, or implied, that You may use, inspect, examine, or copy such Document

on any terms; (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You have sought to do so; or (e) have the practical ability to obtain the Document(s), irrespective of Your legal entitlement to the Document(s).

18. “Register” or “Registered” refers to the process by which a person would complete the process of Registration to become a User of Stake.us.

19. “Registration” or “Registration Page” or “Registration Screen” means the registration webpage as listed on Stake.us and as referred to in Defendants’ Motion to Compel Arbitration and Stay Proceedings (ECF No. 18).

20. “Related” or “relating” mean concerning, referring to, describing, evidencing, or constituting.

21. “Stake.us” refers to Defendant Stake’s website with that URL available to Users in the United States.

22. “Sweepsteaks” or “Stake” or “Defendant Stake” refers to Defendant Sweepsteaks Limited, together with any of its affiliate corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

23. “Terms and Conditions” or “Terms of Service” or “Terms” means the terms of service webpage as listed on Stake.us and as referred to in Defendants’ Motion to Compel Arbitration and Stay Proceedings (ECF No. 18).

24. “Users” means users of Stake.us.

25. “Viewers” or “followers” means Persons who have viewed your content and/or who have subscribed to your public-facing profile/account on internet platforms such as Kick,

Instagram, YouTube and X that host content created by You and/or on your behalf for public consumption.

26. "You" or "Your" refers, respectively, to Defendant Aubrey Drake Graham and Defendant Adin Ross completing the Responses to Interrogatories below, together with any of Your corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

## INSTRUCTIONS

1. Provide a complete answer to each individual interrogatory below.

2. Construe the terms defined above and the individual interrogatories broadly, to the fullest extent of their meaning.

3. If You assert a timely objection to any portion of an interrogatory, or any definition or instruction incorporated therein, clearly and specifically describe the grounds for objection and provide a complete answer to the remaining portion of the interrogatory to which you do not assert an objection.

4. If You refuse to answer an interrogatory, in whole or part, for any reason, including but not limited to any claim of privilege, clearly describe the asserted privilege or grounds for refusing to answer with respect to the interrogatory.

5. If You answer an interrogatory by reference to business records, as permitted by Federal Rule of Civil Procedure 33(d), Identify such Documents by Bates number and provide the name of the employee certifying the Documents as business records under Federal Rule of Evidence 803(6).

6. Answer each interrogatory separately and fully in writing under oath, unless You object to it. In the latter event, state the reasons for objection and answer the interrogatory to the extent it is not objectionable.

7. The answers are to be signed under penalty of perjury by the responding party and the objections signed by the attorney making them.

8. If You cannot answer any interrogatory completely, answer to the extent possible and state which portions of the interrogatory to which You are and are not responding. If You do not have personal knowledge sufficient to respond fully to an Interrogatory, so state.

9. In your answer to each interrogatory, Identify each Document to which you refer or upon which you relied in the preparation of your answer to that interrogatory.

## RELEVANT TIME PERIOD

Unless otherwise limited in scope by the language of the request, the relevant time period for these requests is from September 2024 to the present.

## JURISDICTION-RELATED INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Person answering, assisting, or participating in preparing the answers to Plaintiffs' Interrogatories and Requests for Production of Documents. For each Person Identified, state the Person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and Identify the answers or responses that each such Person assisted in answering.

**INTERROGATORY NO. 2:**

Identify all social media platforms, websites, and other online venues where You have created content, advertised, posted, promoted, mentioned, or referenced Stake.

**INTERROGATORY NO. 3:**

Describe in detail any contractual relationship between You and Stake, including the date the relationship began, compensation terms, promotional requirements, and any territorial restrictions or target audience specifications.

**INTERROGATORY NO. 4:**

Identify all Persons, including but not limited to marketing agencies, talent managers, or consultants, involved in negotiating, managing, or executing Your contractual relationship with Stake and the promotion activities You performed pursuant to that relationship.

**INTERROGATORY NO. 5:**

Identify all Persons involved in creating, reviewing, or approving Your Stake-related content, advertising, posting, promoting, mentioning, or referencing promotional activities, including any Persons responsible for ensuring compliance with applicable laws or platform policies.

**INTERROGATORY NO. 6:**

Identify all analytics, metrics, or data You have received or have access to regarding the geographic location of viewers or followers who watch Your Stake-related content, advertising, posting, promoting, mentioning, or referencing promotional activities, including but not limited to viewership statistics from New Mexico.

**INTERROGATORY NO. 7:**

Describe all methods You use to track, measure, or analyze the geographic location of Your viewers or followers across all platforms where You create and post content that advertises, promotes, mentions, or references Stake.

**INTERROGATORY NO. 8:**

Identify all communications between any combination of You and any other Defendant in this action regarding targeting specific geographic markets, including any discussions about the New Mexico market or United States markets generally.

**INTERROGATORY NO. 9:**

Identify all data or information You possess regarding the effectiveness of Your Stake-related content advertising, posting, promoting, mentioning, or referencing activities in driving new user registrations or gambling activity on Stake. Us or Stake.com, including any metrics specific to New Mexico users.

**INTERROGATORY NO. 10:**

Identify the number of all viewers or followers from New Mexico who have engaged with Your Stake-related content, advertising, postings, promoting, mentions, or references on internet-platforms Kick, YouTube, Instagram and X.

**INTERROGATORY NO. 11:**

Describe all steps You have taken, if any, to prevent New Mexico residents from viewing, accessing, or engaging with Your Stake-related content.

**INTERROGATORY NO. 12:**

Identify all promotional codes, referral links, or similar mechanisms You have provided to viewers or followers to use on Stake, and whether the geographic location of Persons who use these codes or links is among the metrics tracked by those codes and links.

**INTERROGATORY NO. 13:**

State the number of Persons from New Mexico, who have used Your promotional codes or referral links on Stake, and the total value of their gambling activities.

**INTERROGATORY NO. 14:**

Describe all instances where You have mentioned specific states, regions, or locations within the United States during Your Stake-related content, advertising, posting, promoting, mentioning, or referencing promotional activities, including any such references to New Mexico.

**INTERROGATORY NO. 15:**

State whether You have ever physically visited New Mexico for any purpose, including concerts, media events, or other activities of any sort, and engaged in any promotional activities related to Stake during said visit, and if so, provide the dates, locations, and purposes of such visits.

**INTERROGATORY NO. 16:**

Identify all advertising or promotional campaigns for Stake in which You participated that were directed at United States audiences generally or specific United States regions, including but not limited to New Mexico.

**INTERROGATORY NO. 17:**

Describe all methods used by You or Persons acting on Your behalf to increase Your follower base or viewership on internet platforms including but not limited to Kick, YouTube, Instagram and X, in the United States including, but not limited to, any strategies specifically targeting New Mexico residents.

**INTERROGATORY NO. 18:**

State whether You have ever modified Your Stake-related content based on the geographic location of Your viewers and followers, including any changes made to accommodate viewers or followers from specific states or regions within the United States.

**INTERROGATORY NO. 19:**

Identify all business conducted in the State of New Mexico, including sales originating

therefrom, marketing, and the identity of any employees or property in New Mexico.

DATED: September 21, 2026

Christopher A. Dodd
Amber Fayerberg
FAYERBERG DODD, LLC
500 Marquette Ave, NW Suite 1330
Albuquerque, NM 87102
Tel. No. (505) 475-2742
chris@fayerbergdodd.com
amber@fayerbergdodd.com

Steven A. Schwartz
Beena M. McDonald
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
sas@chimicles.com
bmm@chimcles.com

Garrett W. Wotkyns
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85225
Phone: (610) 642-8500
garrettwotkyns@chimicles.com

Jarrett L. Ellzey
Josh Sanford
Tom Kherkher
ELLZEY KHERKHER SANFORD
MONTGOMERY, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
Telephone: (888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com

*Attorneys for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| NATHANIEL TORRES AND RORY MICHIE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>SWEEPSTEAKS LIMITED; ADIN ROSS; and AUBREY DRAKE GRAHAM,<br><br>*Defendants*. | Case No.: 1:25-CV-1292-KG-KK |

**<u>PLAINTIFFS' REQUESTS FOR PRODUCTION CONCERNING JURISDICTION TO DEFENDANTS AUBREY DRAKE GRAHAM AND ADIN ROSS</u>**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Nathaniel Torres and Rory Michie, by and through their attorneys, requests that Defendant Aubrey Drake Graham ("Defendant Drake" or "Drake") and Defendant Adin Ross ("Defendant Ross" or "Ross") produce the documents requested below.

**<u>DEFINITIONS</u>**

1. "Action" means the above captioned action.

2. "Adin Ross" or "Defendant Ross" refers to Defendant Adin Ross, together with any of his affiliate corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

3. "Agreement" means, without limitation, any understanding, arrangement, contract, promise, commitment, or meeting of the minds, whether written, oral, electronic, or implied by

conduct, between two or more Persons, relating to any subject matter at issue in this action.

4. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

5. "Any" "all", "each" and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope of inquiry to the discovery request containing such terms.

6. "Aubrey Drake Graham" or "Defendant Graham" refers to Defendant Aubrey Drake Graham, together with any of his affiliate corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

7. "Communication(s)" or "Communicated" means and shall refer to, without limitation, any oral, written spoken or electronic Document, including but not limited to, any advice, advisements, announcements, assertions, chats or online messages, conferences, contacts, conversations, declarations, discussions, dissemination, facsimiles, letters, machine-generated messages, meetings, memorandum, note, postings, publication, seminars, talks, telephone communications, text or mobile messages, transmissions, utterances, or other exchange of information.

8. "Complaint" means the operative Complaint filed in this Action.

9. "Document(s)" is defined to be synonymous in meaning and equal in scope to usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure (any designated documents or electronically stored information) and as otherwise required in any ESI agreement or Court Order. The term Document is intended to include all Electronic Media, ESI, and Communications.

A non-identical copy or duplicate of a Document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate Document within the meaning of this term.

10. "Electronic Media" means any electronic means of storing, transmitting, or recording ESI, including but not limited to, Computer System memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray discs, cloud storage (e.g., DropBox, Box, OneDrive, AWS, SharePoint, etc.), tablet computers (e.g., iPad, Kindle, Nook, Samsung Galaxy Tab, etc.), personal digital assistants, cellular phones, instant or video messaging, social media, e-mail servers, magnetic tapes of all types, external hard drives, servers or backup servers, or any other means for electronic storage transmittal and/or recording.

11. "Electronically Stored Information" or "ESI" means information or data stored in an Electronic Media, regardless of the media type or whether it is in the original format in which it was created, and that is retrievable in perceivable forms and includes metadata, system data, and fragmented data.

12. "Identify," with respect to a Document means, to give, to the extent known, the (i) type of Document (i.e., correspondence, memorandum, business record, etc.); (ii) general subject matter; (iii) date of the Document; and (iv) author(s) or preparer(s), addressee(s), and recipient(s) of each such Document; (v) the present location of each such Document or copies thereof; and, if applicable, (v) the bates number of the Document. "Identify," with respect to an entity, governmental body, department or agency (not a natural Person), means to state the full name, address, and telephone number for its principal place of business. "Identify," with respect to a natural Person means, to give, to the extent known, the (i) Person's full name and title; (ii) current or last known address; (iii) current or last known business and telephone number(s); and (iv)

current or last known place of employment. Once a Person has been identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of such Person. Where applicable, "Identify and describe" means to provide a complete and detailed response to the request, including but not limited to Identifying of all Persons and Documents involved and the nature and substance of any related Communications, and the date(s) and location(s) of relevant events.

13. "Including" means "including but not limited to."

14. "Person" means any natural persons, proprietorships, legal or governmental entities, corporations, partnerships, trusts, joint ventures, groups, associations, or organizations. Any reference to a "Person" shall mean that "Person" and all affiliates, divisions, controlled companies, subsidiaries or otherwise related entities and all of his, her or its current and former officers, directors, employees, agents, representatives, attorneys and accountants.

15. "Possession, custody, or control" means and refers to any Documents in Your possession, custody, or control. A Document is deemed to be in Your "possession, custody, or control" if it is in Your physical custody, or if it is in the physical custody of another Person or entity and You: (a) own such Document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such Document on any terms; (c) have an understanding, express, or implied, that You may use, inspect, examine, or copy such Document on any terms; (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You have sought to do so; or (e) have the practical ability to obtain the Document(s), irrespective of Your legal entitlement to the Document(s).

16. "Related" or "relating" mean concerning, referring to, describing, evidencing, or constituting.

17. "Sweepsteaks" or "Stake" or "Defendant Stake" refers to Defendant Sweepsteaks Limited together with any of its corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

18. "Stake.us" refers to Defendant Stake's website with that URL available to Users in the United States.

19. "Terms and Conditions" or "Terms of Service" or "Terms" means the terms of service webpage as listed on Stake.us and as referred to in Defendants' Motion to Compel Arbitration and Stay Proceedings (ECF No. 18).

20. "Users" means users of Stake.us.

21. "Viewers" or "followers" means Persons who have viewed your content and/or who have subscribed to your public-facing profile/account on internet platforms such as Kick, Instagram, YouTube and X that host content created by You and/or on your behalf for public consumption.

22. "You" or "Your" refers, respectively, to Defendant Aubrey Drake Graham and Defendant Adin Ross completing the Responses to Interrogatories below together, with any of Your corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and its respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

**INSTRUCTIONS**

1. Provide a complete answer to each individual request below.

2. Construe the terms defined above and the individual request broadly, to the fullest extent of their meaning.

3. If You assert a timely objection to any portion of a request, or any definition or instruction incorporated therein, clearly and specifically describe the grounds for objection and provide a complete answer to the remaining portion of the request to which you do not assert an objection.

4. If You assert a timely objection to any portion of a request, or any definition or instruction incorporated therein, clearly and specifically describe the grounds for objection and provide a complete response to the remaining portion of the request.

5. If You withhold any Documents requested herein on grounds of privilege, work-product or otherwise Identify the specific grounds upon which Your objection is based and the particular request to which You object, and Identify any withheld Documents or portion(s) thereof as follows:

a. its date;

b. the identity of its author and/or signatory;

c. the identity of the person or persons to whom the Document is addressed;

d. the identity of all persons who are known to or believed to have received copies of the document;

e. the number of pages;

f. the type of Document it is (e.g., letter, chart, memorandum, etc.);

g. a summary of its contents, or the nature of the Document; and

h. its present location and custodian.

6. Notwithstanding the assertion of any objection, any purportedly privileged

Document containing non-privileged material must be disclosed, with the purportedly privileged portion redacted. All redacted material from a Document should be identified as set forth in paragraph 5 above.

7. Respond to each request separately and fully in writing under oath, unless You object to it. In the latter event, state the reasons for objection and respond to the request to the extent it is not objectionable.

8. If You cannot respond to any request completely, respond to the extent possible. If You do not have personal knowledge sufficient to respond fully to a request, so state.

9. In Your response to each request, Identify each Person or source who supplied information or Documents for or participated in the preparation of your response to that request.

10. In Your response to each request, Identify each Document to which You refer or upon which You relied in the preparation of your response to that request.

11. You are required to produce all requested Documents that are in your possession, custody, or control, including without limitation: Documents in the possession, custody, or control of You or Your affiliates or your merged and acquired predecessors; Your present and former directors, officers, partners, employees, accountants, attorneys, or other agents; Your present and former independent contractors over which You have control; and any other person acting on Your behalf.

12. Unless a court order states otherwise, all Documents shall be produced as they are kept in the usual course of business and organized and labeled to correspond with each request. Documents produced in response to one request need not be produced again in subsequent requests, provided the Documents are clearly designated as being responsive to the subsequent request.

13. Unless a court order states otherwise, all Electronically Stored Information must be produced pursuant to the operative ESI agreement in this Action, or until such an agreement exists, in its native form, or pursuant to the Local Rules of this Court.

14. If any otherwise responsive Document was, but is no longer in existence or in Your possession, custody, or control, Identify its current or last known custodian, the location/address of such Document, and describe in full the circumstances surrounding its disposition from Your possession or control. If, after a good faith search, You conclude there have never been Documents responsive to a particular request, so state.

15. If a Document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

16. These requests are continuing in nature such that if You subsequently discover or obtain possession, custody, or control of any Document previously requested or required to be produced, You should promptly make the document available to Plaintiffs.

17. Plaintiffs reserve the right to request additional Documents.

## **RELEVANT TIME PERIOD**

Unless otherwise limited in scope by the language of the request, the relevant time period for these requests is from September 2024 to the present.

## **REQUESTS**

1. Documents relating to promotional work you have done for Stake in New Mexico.

2. Documents relating to any payments of money or other consideration that you have received in connection with Stake's revenues derived from New Mexico users of Stake.

3. Documents reflecting Communications or Agreements between any combination of You and any other Defendant relating to Stake's business activities in New Mexico.

4. Documents where you are advertising, posting, promoting, mentioning or referencing activities in driving new user registrations or gambling activity on Stake while being physically present in New Mexico while doing so.

5. Documents relating to any travel you have done to New Mexico during the relevant time period.

6. Documents relating to any fractional or total business ownership you have of any businesses physically located in New Mexico.

7. Documents relating to any real estate you own in New Mexico.

8. Documents relating to any communications you have had with state regulatory or law enforcement agencies in New Mexico concerning online casino gambling, including but not limited to any relating Stake's business.

9. Documents relating to any "Stake.us-related content…used to advertise Stake.us" in any state of the United States, whether or not it was your intention or understanding that it would be used in the state of New Mexico.

10. Documents relating to the "contractor", "licensor", "subcontractor" or "supplier" relationship, as stated in Defendants' Motion to Compel Arbitration and Stay Proceedings (ECF No. 18), between You and Defendant Sweepstakes Ltd., including but not limited to any documents where Stake paid You monies (however denominated or described) relating to or in consideration of revenues Stake received from users in New Mexico.

11. Documents showing the total number of users that have engaged with Stake-related content across platforms originating from, or with a username or IP address relating to, New

Mexico.

12. Documents showing or relating to New Mexican Stake users using referral links and/or promotional codes from Stake.

13. Documents showing any and all sales originating from New Mexico.

14. All documents identified in response to Plaintiffs' Interrogatories to You.

15. Documents relied upon in answering Plaintiffs' Interrogatories to You.

DATED: September 21, 2026

Christopher A. Dodd
Amber Fayerberg
FAYERBERG DODD, LLC
500 Marquette Ave, NW Suite 1330
Albuquerque, NM 87102
Tel. No. (505) 475-2742
chris@fayerbergdodd.com
amber@fayerbergdodd.com

Steven A. Schwartz
Beena M. McDonald
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH, LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
sas@chimicles.com
bmm@chimcles.com

Garrett W. Wotkyns
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
18146 North 93rd Place
Scottsdale, AZ 85225
Phone: (610) 642-8500
garrettwotkyns@chimicles.com

Jarrett L. Ellzey
Josh Sanford

Tom Kherkher
ELLZEY KHERKHER SANFORD
MONTGOMERY, LLP
4200 Montrose Blvd, Suite 200
Houston, Texas 77006
Telephone: (888) 350-3931
jellzey@eksm.com
jsanford@eksm.com
tkherkher@eksm.com

*Attorneys for Plaintiff and the Proposed Class*